# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3053

_____

Keith R. Meyer,                 *
                            *
            Appellant,        *
                            *      Appeal from the United States
      v.                       *      District Court for the
                            *      Western District of Missouri.
City of Joplin,            *
                            *             [PUBLISHED]
            Appellee.         *

_____

Submitted: February 15, 2002
Filed: February 26, 2002

_____

Before HANSEN, Chief Judge, HEANEY and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Keith Meyer, a police sergeant, brought this action against the City of Joplin, Missouri, for failing to promote him to the position of lieutenant. The position required a candidate to have five years experience as an officer with the City, to have completed 90 hours of college credit, and to currently hold the rank of sergeant. Any candidate meeting these requirements was then eligible to participate in an open

competitive examination.[1]  After the examination, the top three candidates received oral interviews with the police chief and two lieutenants.  The process concluded with a second interview with the police chief.  Meyer obtained the highest score on the examination and was one of the top three candidates, but he was not selected for the promotion to lieutenant.  The police chief, as the appropriate appointing authority, informed Meyer that he was not promoted because the chief had more "chemistry" with another candidate.

Meyer filed suit against the City under 42 U.S.C. § 1983, alleging that the City denied him due process by failing to promote him when he was the most qualified candidate.  Meyer asserted that he had a protected property interest in the promotion because he had received the highest score on the open competitive examination and because he had served in the military, which gave him a preference over the other two candidates if all other ratings were equal.  Meyer also alleged breach of an implied contract and equitable estoppel.  The City filed a Fed. R. Civ. P. 12(b)(6) motion to dismiss, arguing that Meyer failed to state a claim upon which relief could be granted.  The district court[2] granted the motion and found no property right in the promotion because the City's Charter vested some discretion for promotion in the appointing authority.  The court based its decision primarily on the Joplin City Charter and its attendant Personnel Rules.  Meyer appeals only the district court's ruling on his due process claim.

---

[1]The open competitive examinations are used to determine the relative fitness of applicants seeking employment with the City.  The examinations may include "aptitude, oral, written, physical dexterity, performance, character investigations, physical examinations, drug testing, and other tests as deemed appropriate." (City of Joplin Personnel Rule 3.5, J.A. at 39.)  The exam given here included a written test and an assessment portion, which included a variety of skill tests.

[2]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

We review the district court's grant of a motion to dismiss de novo. Grey v. Wilburn, 270 F.3d 607, 608 (8th Cir. 2001). We accept as true all factual allegations contained in the complaint and afford the plaintiff all reasonable inferences to be drawn from those facts. Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001). "A case is properly dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Broadus v. O.K. Indus., Inc., 226 F.3d 937, 941 (8th Cir. 2000) (internal quotations omitted). "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show a deprivation of a right, privilege, or immunity secured by the Constitution or the laws of the United States." Dunham v. Wadley, 195 F.3d 1007, 1009 (8th Cir. 1999), cert. denied, 531 U.S. 819 (2000).

Meyer contends that his complaint alleges facts sufficient to state a constitutional claim that the City deprived him of a property right without due process of law. Count I of Meyer's complaint in relevant part states: "Plaintiff has a protected property interest in his position with the Joplin Police Department, including, . . . promotion to higher rank when proven that he is the most qualified candidate." (J.A. at 2.) For Meyer to state an actionable claim for violation of due process, he must establish that he has a property interest in promotion to lieutenant. See Bd. of Regents v. Roth, 408 U.S. 564, 576 (1972). "[W]here no such interest exists, there can be no due process violation." Singleton v. Cecil, 176 F.3d 419, 424 (8th Cir.) (en banc) (internal quotations omitted), cert. denied, 528 U.S. 966 (1999). A property interest in a promotion cannot arise from unilateral expectations, but instead, an individual must have a legitimate claim of entitlement to it. Geddes v. N.W. Mo. State Univ., 49 F.3d 426, 429 (8th Cir. 1995). "Property interests . . . are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law--rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Roth, 408 U.S. at 577. To determine whether Meyer has a property interest in a promotion to

3

lieutenant, the court looks to the City of Joplin Charter and Personnel Rules to see how promotions within the police department are awarded.

Section 5.06 of the Charter provides that any merit system rules adopted

shall include, but not be limited to, provisions for : (1) Open competitive tests to ascertain the relative fitness of all applicants for appointments in the classified service, which test shall be practical, shall relate to matters which fairly measure the relative fitness of applicants to discharge the duties of the position which they seek, and shall take into account character, training and experience. . . . (6) Where ratings are equal, preference shall be given to applicants . . . who can submit documentary proof of having served in the Armed Forces of the United States, and who have been honorably discharged therefrom.

(J.A. at 27) The Charter also provides that "[n]o person in the classified service, or seeking admission thereto, shall be . . . promoted . . . on any basis or for any reason other than necessity, qualification, merit, and fitness for the service. . . . Any such action shall be taken wholly without favoritism or discrimination and on no basis other than provided herein." (City of Joplin Charter § 5.12, J.A. at 28-29.) Finally, the City Personnel Rules promulgated pursuant to the Charter provide that "[p]romotions in the service of the City shall be made solely on the basis of merit and fitness." (City of Joplin Personnel Rules §§ 5.1, 3.1, J.A. at 45, 39.)

While Meyer may have had certain unilateral expectations of being promoted because of his success on the competitive examination and his rank as one of the top three candidates, any such expectations were substantially diminished by the police chief's ability under the City Charter and Personnel Rules to consider the candidate's more subjective qualifications in addition to the competitive examination score. Many courts have held that when an employer may consider subjective and objective factors in making promotion decisions, an applicant's expectation of promotion based on test rankings or prior employment fails to rise to the level of a property interest

entitled to constitutional protection. See, e.g., McMenemy v. City of Rochester, 241 F.3d 279, 286 (2d Cir. 2001) (holding no property interest in promotion when fire chief promised to promote firefighter but statute granted City discretion in selecting candidate for promotion); Nunez v. City of Los Angeles, 147 F.3d 867, 872-73 (9th Cir. 1998) (concluding expectancy of promotion not tantamount to entitlement given contingencies inherent in promotion process); Stuart v. Roache, 951 F.2d 446, 455 (1st Cir. 1991) ("[W]here an appointing authority may consider factors in addition to the applicant's ranking on an eligibility list, a police officer's expectation of promotion based on that list will not rise to the level of a 'property interest' entitled to constitutional protection."), cert. denied, 504 U.S. 913 (1992); Bigby v. City of Chicago, 766 F.2d 1053, 1056 (7th Cir. 1985), cert. denied, 474 U.S. 1056 (1986) ("[T]hese sergeants did not have a property interest in the rank, which they had not yet attained, of lieutenant."); Burns v. Sullivan, 619 F.2d 99, 104 (1st Cir.) (concluding police officer did not possess property right in promotion based solely upon written examination score), cert. denied, 449 U.S. 893 (1980).

After reviewing the applicable provisions, we agree with the City that the Charter and Rules merely set forth the minimum requirements and assurances that a candidate will be fairly evaluated. We can find no provision that prevents the promoting authorities from using discretion when choosing between the three highest rated applicants; therefore, the police chief was free to appoint any of the three qualified applicants, and Meyer was not entitled to an automatic promotion. We conclude that Meyer had no constitutionally protected property interest in a promotion to lieutenant. Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.