Jose A. **RAMOS RODRIGUEZ**,
et al., **Plaintiffs,**

v.

**Commonwealth of PUERTO RICO,**
et al., **Defendants.**

**No. CIV. 00–1190RLA.**

United States District Court,
D. Puerto Rico.

July 19, 2004.

John Ward Llambias, San Juan, PR, for Plaintiff.

Grisselle González Negrón, Faccio & Pabon Roca, Ivonne Palerm–Cruz, Jo–Ann Estades–Boyer, Department of Justice, Federal Litigation Division, San Juan, PR, for Defendant.

## ORDER DISMISSING THE COMPLAINT

ACOSTA, District Judge.

Defendants have moved the court to enter summary judgment dismissing the claims asserted in the complaint. The court having reviewed the documents on record hereby finds that summary judgment is warranted.

## BACKGROUND

This action was instituted by JOSE A. RAMOS–RODRIGUEZ and NYDIA RAMOS–MARTINEZ pursuant to 42 U.S.C. § 1983. RAMOS–RODRIGUEZ claims that he was not promoted to First Lieutenant in the PUERTO RICO POLICE DEPARTMENT ("PRPD") in violation of his due process rights. Plaintiffs RAMOS–RODRIGUEZ and NYDIA RAMOS further allege that the defendants violated

their "constitutional protected right to association under the First Amendment by interfering with their personal relations and submitting them to repeated investigations regarding their sentimental (sic) relation without cause." Opposition to Summary Judgment (docket No. 69) pp. 1–2.

Defendants named in their individual capacity are PEDRO TOLEDO as PRPD Police Superintendent and PABLO SANTIAGO, as Inspector General of the PRPD.

## THE FACTS [1]

The following relevant facts are not in controversy.

Plaintiff JOSE A. RAMOS–RODRIGUEZ entered the PUERTO RICO POLICE DEPARTMENT ("PRPD") on October 7, 1977.

RAMOS–RODRIGUEZ was promoted to Sergeant in 1984.

RAMOS–RODRIGUEZ was promoted to Second Lieutenant in 1993; a position he still occupies.

Plaintiff's personnel record lists the following complaints and administrative investigations lodged against RAMOS–RODRIGUEZ:

(1) Complaint # Q–97–06–03–0385, initiated by MR. LUIS O. CAEZ DE JESUS against RAMOS–RODRIGUEZ for aggression. A sixty-day suspension was recommended. Final disposition is pending.

(2) Complaint # Q–96–06–17–214 against RAMOS–RODRIGUEZ, initiated by a letter written by MR. JOSE DEL CARMEN MARRERO RIVERA, alleging partiality. The com-

---

1. The parties are reminded that all documents submitted in Spanish in support of their memoranda must be translated in the event they wish to pursue appellate review. *Estades–Negroni v. Associates Corp. of North America,* 345 F.3d 25 (1st Cir.2003); *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409 (1st Cir.2000).

plaint was dismissed on August 12, 1997.

(3) Complaint # Q–96–06–31–230 against RAMOS–RODRIGUEZ initiated by a memorandum written by police agent LUIS G. CRUZ BAEZ for immoral conduct. The complaint was dismissed on October 21, 1997.

(4) Complaint # Q–96–00–03–481 against RAMOS–RODRIGUEZ initiated by MR. ANGEL VAZQUEZ CARABALLO and MRS. ELIZABETH PABON for verbal and physical abuse. The complaint was closed on May 12, 1997.

(5) Complaint # Q–96–00–34–681 against both RAMOS–RODRIGUEZ and police agent MARIA DEL PILAR RODRIGUEZ LOPEZ for domestic violence, initiated by a communication (AC–16–05–481) subscribed by police agents WILLIAM MARRERO AYALA and LUIS TORRES RAMOS. Expulsion was recommended but orientation for plaintiff was decided instead on November 3, 1997.

(6) Complaint # Q–94–06–29–0146 against RAMOS–RODRIGUEZ for verbal abuse initiated by MR. LUIS GONZALEZ SANTOS. The complaint was dismissed on February 27, 1995.

(7) Complaint # Q–94–06–17–0044 against RAMOS RODRIGUEZ initiated by MRS. ANGELES COLON COLON for verbal abuse. The complaint was dismissed on August 22, 1994.

(8) Complaint # Q–96–06–31–0036 against RAMOS RODRIGUEZ initiated by police agent DOMINGO BOUSOÑO for not appearing at a meeting regarding an administrative investigation. An orientation was ordered as final disposition on November 22, 1996.

(9) Complaint # Q–94–06–25–0207 against both RAMOS–RODRIGUEZ and police agent BENJAMIN DE JESUS DIAZ. The matter was initiated by a memorandum written by plaintiff RAMOS–RODRIGUEZ against DE JESUS DIAZ. As a result thereof DE JESUS DIAZ retorted against plaintiff RAMOS–RODRIGUEZ charging him with verbal abuse and utilizing police vehicles for non-official matters. The complaint was closed on September 27, 1995.

(10) Complaint # Q–94–06–24–0170 against RAMOS–RODRIGUEZ initiated by a memorandum written by Captain REGINO DEL VALLE PEREZ due to complaints of aggression by MR. JOSE CARRASCO TORRES. The complaint was dismissed on May 24, 1995.

(11) Complaint # Q–91–06–08–0012 against RAMOS–RODRIGUEZ initiated by a memorandum written by Lieutenant FERNANDEZ SANCHEZ MELENDEZ involving an incident with a woman with whom plaintiff had had an extra-marital affair and a child. A five-day suspension was ordered against RAMOS–RODRIGUEZ on December 15, 1992.

(12) Complaint # Q–96–06–17–0286 against RAMOS–RODRIGUEZ and other police agents for irregularities in the overtime hours claimed initiated by a communication subscribed by Lieutenant JULIO SANTIAGO DAVID. The complaint was dismissed on November 12, 1998.

(13) Complaint # Q–97–06–03–0247 against RAMOS–RODRIGUEZ initiated by MR. WILFREDO SANTIAGO TORRES for aggravated aggression. A ninety-day suspension was recommended but the complaint was dismissed on September 15, 1999.

(14) Complaint # Q–97–00–17–009 against RAMOS–RODRIGUEZ initiated by police agents LUIS A. RIVERA ADERA and WALLEY E. MENDEZ AVILES for negligence in the performance of his duties. A sixty-day suspension was recommended but the complaint was dismissed on July 7, 1999.

(15) Complaints # Q–SAIG–98–000–31–0031 and # Q–SAIG–98–0036–0198 against RAMOS–RODRIGUEZ initiated by police agent SIRIA BURGOS SANTOS for harassment and persecution. A sixty-day suspension was recommended but final disposition is pending.

(16) Complaint # Q–97–00–17–320 against RAMOS–RODRIGUEZ initiated by Attorney EDGARDO CORTES MORALES in representation of MR. MARCOS A. TOYENS OJEDA for negligence in the performance of his duties. The complaint was dismissed on June 15, 1999.

(17) Complaint # Q–3189 against RAMOS–RODRIGUEZ and other police agents initiated by MRS. MYRNA CABALLERO CAMACHO for negligence in the performance of his duties. The complaint was dismissed on February 18, 1989.

(18) Complaint # Q–98–06–17–366 against RAMOS–RODRIGUEZ and police agents EDGARDO COLON BELEN and WILLIAMS LOPEZ initiated by police agent WILLIAMS LOPEZ for negligence and verbal aggression. A fifteen-day suspension was recommended but on September 1, 2000 orientation was ordered instead.

(19) Complaint # Q–98–06–17–0098 against RAMOS–RODRIGUEZ and police agent JOSE L. SANCHEZ initiated by MR. CARLOS DE JESUS MORALES for negligence in the performance of his duties. A reprimand was recommended but the complaint was dismissed on August 31, 2000.

(20) Complaint # SAIG–97–009–31–005 against RAMOS RODRIGUEZ initiated by police agent DELIA BURGOS BURGOS for insubordination and negligence in the performance of his duties. A fifteen-day suspension was recommended but plaintiff was reprimanded instead on December 10, 1998.

(21) Complaint # Q–98–00–25–095 against RAMOS–RODRIGUEZ and police agent NYDIA RAMOS–MARTINEZ initiated by an anonymous call indicating that they were romantically involved and used to meet for hours, in the evening, on the second floor of the police precinct where they both worked. The complaint was dismissed on September 23, 1999.

(22) Complaint # Q–90–06–01–0180 against RAMOS–RODRIGUEZ initiated by MR. JOSE LUIS GONZALEZ REYES for aggression. The complaint was dismissed on September 7, 1990.

(23) Complaint # Q–95–06–22–0337 against RAMOS–RODRIGUEZ arising from a car accident involving plaintiff. A reprimand was recommended but plaintiff received an orientation instead.

(24) Complaint # Q–98–00–25–214 against RAMOS–RODRIGUEZ and police agents MARIA DEL PILAR RODRIGUEZ LOPEZ and EFRAIN CRUZ VICENTE for aggressive behavior initiated by Sergeant HUMBERTO RIVERA RUIZ due to complaints by MR. VICTOR RODRIGUEZ ROSA. A reprimand was recommended but the final disposition on January 21, 2000 ordered orientation be provided instead.

(25) Complaint # Q-00-00-35-265 against RAMOS RODRIGUEZ initiated by MRS. VILMA RIVERA AGOSTO for sexual harassment. A sixty-day suspension was recommended but final disposition is pending.

(26) Complaint # Q-98-06-10-0236 against RAMOS RODRIGUEZ initiated by MR. FELIPE GUTIERREZ COLON for negligence in the performance of his duties. Dismissal of the complaint was recommended but final disposition is pending.

The written examination for promotion to First Lieutenant was given by the PRPD on November 23, 1996.

RAMOS–RODRIGUEZ took the examination on the aforementioned date and passed.

Promotions to First Lieutenant for qualified applicants who had taken the November 23, 1996 written examination were conferred on: August 8, 1997, June 16, 1999 and September 1, 2000.

RAMOS–RODRIGUEZ had pending administrative investigations at the time of each of the three aforementioned promotions to First Lieutenant as follows:

| Date of Promotion | Pending Investigation |
| --- | --- |
| August 8, 1997 | ¶¶ (2), (3) and (5). |
| May 14, 1999 | ¶¶ (1), (13), (14) (15), (16) (21) and (34). |
| September 1, 2000 | ¶¶ (1) and (15). |

**SUMMARY JUDGMENT STANDARD**

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Sands v.*

*Ridefilm Corp.,* 212 F.3d 657, 660–61 (1st Cir.2000); *Barreto–Rivera v. Medina–Vargas,* 168 F.3d 42, 45 (1st Cir.1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. *De-Novellis v. Shalala,* 124 F.3d 298, 306 (1st Cir.1997). A genuine issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial. *Morris v. Gov't Dev. Bank of Puerto Rico,* 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied,* 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994). A fact is material if it might affect the outcome of a lawsuit under the governing law. *Morrissey v. Boston Five Cents Sav. Bank,* 54 F.3d 27, 31 (1st Cir.1995).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Navarro v. Pfizer Corp.,* 261 F.3d 90, 94 (1st Cir.2001); *Grant's Dairy v. Comm'r of Maine Dep't of Agric.,* 232 F.3d 8, 14 (1st Cir.2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". *Lopez–Carrasquillo v. Rubianes,* 230 F.3d 409, 412 (1st Cir.2000); *Maldonado–Denis v. Castillo–Rodriguez,* 23 F.3d 576, 581 (1st Cir.1994); *Medina–Muñoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir.1990).

**SECTION 1983**

The complaint charges violation of 42 U.S.C. § 1983 which reads:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that (1) defendant acted "under color of state law" and (2) deprivation of a federally protected right. *Macone v. Town of Wakefield,* 277 F.3d 1, 9 (1st Cir.2002); *Rogan v. City of Boston,* 267 F.3d 24 (1st Cir.2001); *DiMarco–Zappa v. Cabanillas,* 238 F.3d 25, 33 (1st Cir.2001); *Collins v. Nuzzo,* 244 F.3d 246 (1st Cir.2001); *Barreto–Rivera,* 168 F.3d at 45.

Additionally, where as in this case, the named defendants are high echelon officials not personally involved in the events at issue, in order for plaintiff to prevail he must bring evidence of a casual connection or relationship between the alleged misconduct and the defendants' acts or omissions. The doctrine of *respondeat superior,* whereby liability is imposed on employers for the acts or omissions of their employees is inapposite in actions brought under § 1983. Supervisors will be held accountable under this provision solely "on the basis of [their] own acts or omissions". *Barreto–Rivera,* 168 F.3d at 48; *Diaz v. Martinez,* 112 F.3d 1, 4 (1st Cir.1997); *Maldonado–Denis,* 23 F.3d at 581; *Gutierrez–Rodriguez v. Cartagena,* 882 F.2d 553, 562 (1st Cir.1989). "Such liability can arise out of participation in a custom that leads to a violation of constitutional rights, or by acting with deliberate indifference to the constitutional rights of others." *Diaz v. Martinez,* 112 F.3d at 4 (citations omitted).

There is no controversy over the fact that the named defendants were acting within the scope of their duties as PRPD officers at all relevant times. Therefore, the first element is satisfied. We must then ascertain whether plaintiffs were deprived of any federally protected right as a result of the events charged in the complaint.

Section 1983 does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. *Albright v. Oliver,* 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The statute, i.e., § 1983 " 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred... by the United States Constitution and federal statutes.' " *Rodriguez–Garcia v. Municipality of Caguas,* 354 F.3d 91, 99 (1st Cir.2004) (citing *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). Hence, it is plaintiffs' burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

### Due Process

Plaintiff RAMOS–RODRIGUEZ alleges a deprivation of property rights without due process. The Due Process Clause provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1.

In order to properly assert a procedural due process claim under § 1983, plaintiff must show that: [1] he had a property interest and [2] that defendants, acting under color of state law, deprived them of that property interest without providing him a constitutionally adequate procedure. *Licari v. Ferruzzi,* 22 F.3d 344, 347 (1st Cir.1994); *Rumford Pharmacy v. City of East Providence,* 970 F.2d 996, 999 (1st Cir.1992); *PFZ Properties v. Rodriguez,* 928 F.2d 28, 30 (1st Cir.1991). "Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest... cannot be deprived of

that interest without due process of law." *Figueroa–Serrano v. Ramos–Alverio*, 221 F.3d 1, 6 (1st Cir.2000). Hence, it is only in situations where plaintiff has been able to establish a property right at stake that due process protection comes into play.

■ Property interests, however, are not created by the Constitution but derive instead from state law provisions. "[T]he Constitution does not create property interests; instead, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'", *Santana v. Calderon*, 342 F.3d 18, 23 (1st Cir.2003) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

■ A party's unilateral belief does not by itself translate into a property right subject to due process concerns. "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim or entitlement to it.'" *Macone v. Town of Wakefield*, 277 F.3d at 9 (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. at 577, 92 S.Ct. 2701, 33 L.Ed.2d 548). "In order to establish a constitutionally-protected property interest, a plaintiff must demonstrate that [he] has a legally recognized expectation" to the property interest at issue. *Santana v. Calderon*, 342 F.3d at 24.

■ In this particular case in order to trigger due process concerns plaintiff must first present sufficient evidence to establish that he had an entitlement or property right to be promoted to the rank of First Lieutenant not merely a unilateral expectation of promotion.

■ Ordinarily there is no "property" right to a promotion nor do we find any justification in the record to conclude

plaintiff had any reasonable expectancy thereof under the facts in this case. This is so because promotion to First Lieutenant is not mandated but rather the decision-making authority has the discretion to also consider subjective elements in selecting the candidate. *Meyer v. City of Joplin*, 281 F.3d 759, (8th Cir.2002); *McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2nd Cir.2001); *Stuart v. Roache*, 951 F.2d 446, 455 (1st Cir.1991).

According to the uncontested evidence the following factors will be weighed by the PRPD for promotion of candidates to the position of First Lieutenant: (1) the length of the candidate's tenure as Second Lieutenant, (2) education, (3) passing a written examination, (4) training, (5) interviews, and (6) personnel record. Complaints and investigations against applicants will also affect their promotion.

Even assuming *arguendo* that RODRIGUEZ–RAMOS was able to meet his initial burden and establish that he had a property right subject to due process protection, we find that the evidence submitted by defendants in support of their motion—which stands uncontested—clearly shows that no such violation took place.

All parties agree that PRPD members who have outstanding charges and/or administrative investigations against them are ineligible for promotion. That is, plaintiff would not be considered for the position of First Lieutenant while an ongoing complaint or administrative investigation was pending against him.

### Anonymous Complaints

■ The only argument advanced by RAMOS–RODRIGUEZ to undermine the legality of his ineligibility for advancement is an allegedly generalized custom in the PRPD of initiating anonymous unfounded administrative investigations to impede candidates from the opportunity of promotion. According to plaintiff "[a]nony-

mous calls were used as subterfuge to initiate undue investigation[s]" which deprived PRPD members of their protected right to promotion. Opposition (docket No. 69) ¶ 11, p. 11. The deposition excerpts submitted with plaintiffs' opposition to the summary judgment essentially address this particular practice.

However, plaintiff's personnel record shows that only one—from a total of 26 complaints—was anonymous. The other 25 complaints identify the particular individuals originating them. A review of plaintiff's personnel file submitted by defendants reveals that these complaints were initiated by either civilians or police officers charging inappropriate conduct which is fully described in the documents. Further, many of the underlying incidents specifically note plaintiff's propensity to violence.

Faced with this factual scenario we do not find merit in plaintiff's allegations of anonymous and unfounded complaints as a stratagem to prevent his promotion. Inasmuch as there is no controversy over the fact that at the time of each of the three instances of promotion to First Lieutenant RAMOS–RODRIGUEZ had pending charges and/or administrative complaints which would render him ineligible for promotion by virtue of the applicable standards.

Accordingly, the due process claim asserted by RAMOS–RODRIGUEZ based on his failure to be promoted is hereby **DISMISSED.**

## INVESTIGATION INTO RELATIONSHIP

■ Additionally, plaintiffs RAMOS–RODRIGUEZ and NYDIA RAMOS–MARTINEZ allege defendants violated their "constitution[ally] protected right to association under the First Amendment by interfering with their personal relations and submitting them to repeated investigation[s] regarding their sentimental (sic) relation[ship] without cause." Opposition to Summary Judgment (docket No. 69) p. 1. In essence, plaintiffs argue that their right to association under the First Amendment was violated by defendants' inquiries regarding their personal relationship.

Defendants concede that an administrative investigation was carried out as a result of an anonymous call which indicated that upon concluding his tour of duty RAMOS–RODRIGUEZ would visit NYDIA RAMOS MARTINEZ, his subordinate, on the second floor of the police station where she was staying overnight and where he would remain for long hours.

■ Complaints by employees regarding their rights to intimate relationships are traditionally examined under the First Amendment right to freedom of association and the constitutional right to privacy regarding fundamental life decisions. *See, i.e., Marcum v. McWhorter,* 308 F.3d 635 (6th Cir.2002) (sheriff terminated for adulterous affair); *Hughes v. City of North Olmsted,* 93 F.3d 238 (6th Cir.1996) (investigation of intermarital relations of police officer charged with sexual harassment); *Mercure v. Van Buren Township,* 81 F.Supp.2d 814 (E.D.Mich.2000) (police officer discharged due to affair with estranged wife of fellow police officer).

Assuming *arguendo* that plaintiffs' relationship qualifies for constitutional protection[2] and ergo, is actionable under § 1983, there is sufficient evidence in the record to justify an investigation into the matter. It is important to note that the conduct at issue was allegedly taking place on PRPD premises, specifically in the area designated for plaintiff NYDIA RAMOS–MAR-

---

**2.** Contrary to the cases cited, plaintiffs' claim is premised exclusively on an investigation of their relationship which carried no adverse effects.

TINEZ to stay overnight and involved police officers of different hierarchy. Given the numerous complaints lodged against RAMOS–RODRIGUEZ which dealt with aggressive behavior, incidents involving romantic partners, and a complaint of sexual harassment it was entirely reasonable for an investigation to be instituted.

Based on the foregoing, we find that no actionable constitutional violation took place by virtue of an investigation into plaintiffs' relationship and the same is hereby **DISMISSED**.

## CONCLUSION

Based on the foregoing, defendants' Motion for Summary Judgment (docket No. 63)[3] is GRANTED and the complaint filed in this case is hereby DISMISSED.[4]

Judgment shall be entered accordingly.

IT IS SO ORDERED.

## *JUDGMENT*

The court having dismissed the complaint through its Order issued on this date, it is hereby

ORDERED AND ADJUDGED that the complaint filed in this case be and the same is hereby **DISMISSED**.

IT IS SO ORDERED.

---

**3.** *See* Opposition (docket No. 69) and Reply (docket No. 70).

**4.** Because we find that plaintiffs have failed to state a valid § 1983 claim there is no need to ascertain whether the named defendants, i.e., the PRPD SUPERINTENDENT and the PRPD INSPECTOR GENERAL, are personally amenable to suit under this statute nor do we need to entertain their qualified immunity defense.