# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2646

_____

Robert Eveland, also known as Dan; William Ellner; Steven Nienhouse; Darren Williams; Andrew Woodhead; Donald Champ, Tony; Licole McKinney; Nick Scanga; John Fischer; Timothy Schultz; Ted Chrun; Keven Herdler; Michael Vincent; Ted Ellis; Joseph Nea; Jessica Jackson; Dave Hummel; Kevin Koch; Chad Crafton

*Plaintiffs - Appellants*

v.

City of St. Louis; Firefighters' Institute for Racial Equality, Inc.; Charles Coyle, Director of the St. Louis Department of Public Safety

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 12, 2025
Filed: July 8, 2025

_____

Before COLLOTON, Chief Judge, ARNOLD and GRUENDER, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After their fire chief named them acting fire captains or acting battalion chiefs, a group of St. Louis firefighters sued the city to try to get full promotions instead. As relevant here, they claimed under 42 U.S.C. § 1983 that the city, by failing to promote them, deprived them of property interests without due process or just compensation in violation of the due process and takings clauses of the constitution. They also joined the Firefighters Institute for Racial Equality, an entity that represented black firefighters who had objected to the city's promotional examinations, as a defendant against whom they sought no relief. The district court[1] granted both defendants summary judgment on the due process and takings claims because it concluded that the firefighters lacked sufficient property interests in their desired promotions. We agree, so we affirm.

The parties dispute how fire captain and battalion chief promotions occur in St. Louis's civil service system, but here is how the firefighters understand it. First, the fire chief notifies the city's director of personnel that he wishes to fill a vacancy for one of those positions. The director of personnel then certifies a shortlist of the candidates with the six highest scores on a corresponding qualifying exam. From these candidates, the fire chief may select one person to promote. Under the present fire chief, this person has invariably been the highest scorer. And if this practice had continued, as the fire chief intended, each of the firefighters would have received a promotion because each would have been the highest scoring candidate for a vacancy. But that did not happen. The usual promotional process broke down when the fire chief's former supervisor, purportedly without authority, halted promotions due to the age of qualifying exam scores, which were about nine years old when the freeze began.

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

Even assuming all of this is true, the firefighters had no property interests in their desired promotions that the due process clause protected. They just anticipated receiving them. But a property interest in a government post connotes a "legitimate claim of entitlement." *See Meyer v. City of Joplin*, 281 F.3d 759, 761 (8th Cir. 2002) (per curiam). "An employee's unilateral expectations spawned by the regularized practices of his employer will not do." *See Hughes v. Whitmer*, 714 F.2d 1407, 1414 (8th Cir. 1983); *Lawshe v. Simpson*, 16 F.3d 1475, 1480 (7th Cir. 1994). So, no matter how regular the fire chief's practice of promoting high scorers was, it could not give any of the firefighters a property interest in a promotion on its own. What is missing is evidence that the city bound itself in some fashion to adhere to that practice. *See Perry v. Sindermann*, 408 U.S. 593, 601–03 & n.7 (1972); *cf. Bd. of Regents v. Roth*, 408 U.S. 564, 578 & n.16 (1972).

It makes no difference that the fire chief testified to his intention to promote the firefighters in accordance with his custom. That intention, however firm, did not limit his discretion to promote different candidates or no candidates. *See McMenemy v. City of Rochester*, 241 F.3d 279, 286 (2d Cir. 2001).

For the same reasons that the firefighters' hopes for promotions did not rise to the level of property interests protected by the due process clause, they did not rise to the level of property interests protected by the takings clause. To reach this conclusion, we need not decide, as some circuits have, that the range of property interests protected by the takings clause is narrower than the range protected by the due process clause. *See, e.g.*, *Chollet v. Brabrand*, 137 F.4th 241, 246 (4th Cir. 2025); *Zeyen v. Bonneville Joint Dist., No. 93*, 114 F.4th 1129, 1141 (9th Cir. 2024). The firefighters treat the range of property interests protected by each clause as the same, and we are content to assume that they are right.

Affirmed.

_____