# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-1438

_____

Alfonso Davenport,

                Appellant,

     v.

University of Arkansas Board of
Trustees, Governing Board of the
University of Arkansas at Pine Bluff
("UAPB"); Lawrence A. Davis, Jr., Dr.,
Individually and in His Official
Capacity; Willie Gillmore, Individually
and in His Official Capacity; Elbert
Bennett, Individually and in His Official
Capacity,

                Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

_____

Submitted: December 11, 2008
Filed: February 2, 2009

_____

Before MELLOY and BENTON, Circuit Judges, and MAGNUSON,[1] District Judge.

_____

BENTON, Circuit Judge.

_____

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

Alfonso Davenport sued the University of Arkansas Board of Trustees and officials of the University of Arkansas at Pine Bluff (collectively "the University") under 42 U.S.C. §§ 1981 and 1983 based on his failure to receive a promotion. The district court[2] granted summary judgment to the University. Davenport appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

Davenport has been employed by the University's Department of Public Safety (DPS) for 24 years. He currently holds the position of Public Safety Officer II. His duties include patrolling campus, acting as a shift supervisor, developing firearm training, and investigating crime. In 1999, Davenport complained to University officials about the DPS Chief's misuse of resources, and the lack of DPS equipment, uniforms, and parking. In January 2002, Davenport was told to report to an Arkansas State Police investigator who was interviewing employees about the DPS Chief's private investigation firm. Davenport gave a statement that he had never worked for the firm; this statement was never disclosed to any University official. In July 2002, the DPS Chief resigned just before his indictment for the illegal misuse of DPS resources.

In August 2002, Davenport applied for the vacant Chief position. The former Chief's next-in-command was appointed Interim Chief. In October 2004, applicants were again sought for the Chief position; Davenport applied once more. In January 2005, after the close of the application period, the position was reopened. A former DPS Major was encouraged to apply and eventually hired.

---

[2] The Honorable Beth M. Deere, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for decision by the consent of the parties pursuant to 28 U.S.C. § 636(c).

II.

This court reviews a district court's grant of summary judgment de novo, viewing the evidence most favorably to the non-moving party. *Zhuang v. Datacard Corp.*, 414 F.3d 849, 854 (8th Cir. 2005). To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-49 (1986).

A.

Davenport alleges unlawful retaliation for protected speech, in violation of the First Amendment. To establish a prima-facie case of unlawful retaliation for protected speech, Davenport must prove: (1) he engaged in activity protected by the First Amendment; (2) the University took an adverse employment action against him; and (3) his protected speech was a substantial or motivating factor in the University's decision to take the adverse employment action. *See Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654-55 (8th Cir. 2007).

Davenport alleges that both his 1999 and 2002 statements are entitled to First Amendment protection. Davenport's speech is entitled to First Amendment protection if: (1) he spoke as a citizen, and not as an employee, on a matter of public concern, and (2) his right to free speech outweighs the University's interest in promoting the efficiency of its public services. *See Bradley v. James*, 479 F.3d 536, 539 (8th Cir. 2007); *Buazard v. Meridith*, 172 F.3d 546, 548 (8th Cir. 1999).

When making a statement pursuant to his official duties, a public employee is not speaking as a citizen. *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006). Davenport's duties did not include reporting either wrongdoing by a superior officer or a lack of resources. With regard to his 1999 statements, Davenport was speaking as a citizen on a matter of public concern. *See Bailey v. Dep't of Elementary &*

-3-

*Secondary Educ.*, 541 F.3d 514, 519 (speech that only peripherally pertains to public funds is not a matter of public concern; the expenditure of public funds, though, is generally regarded as a matter of public concern); *Campbell v. Ark. Dep't of Corr.*, 155 F.3d 950, 958-59 (8th Cir. 1998) (finding a prison warden's speech to a superior reporting corruption and lack of security was protected); *Powell v. Basham*, 921 F.2d 165, 167 (8th Cir. 1990) (determining a deputy sheriff's complaints to superiors about a new promotion system concerned the efficient operation of the department, which was a matter of public concern). Further, the record fails to show that silencing Davenport's protected speech would advance the University's interest in promoting the efficiency of its public services. Therefore, Davenport's 1999 speech is entitled to First Amendment Protection.

As a public safety officer, Davenport had a duty to cooperate with the Arkansas State Police investigation. So, his 2002 statements were given in his capacity as an employee. *See Bradley*, 479 F.3d at 538. Therefore, his 2002 speech is not entitled to First Amendment protection.

The University's decisions not to promote Davenport to Chief in 2002 and 2005 are the adverse employment actions in this case. However, Davenport does not submit any evidence tending to show that his protected speech from 1999, years earlier, was a substantial or motivating factor in his non-selections as Chief. Davenport repeatedly mentions that his peers told him he would never receive a promotion as long as the University's Chancellor remained. This is inadmissible hearsay. *See* **Fed. R. Evid. 801**, **802**. Davenport stresses that the former DPS Chief retaliated against him for his speech. However, there is no evidence linking the former Chief to the adverse employment actions. Finally, Davenport emphasizes that the Chancellor asked if he had anything to say about the resignation of the former Chief during a DPS staff meeting in 2002. The Chancellor's isolated question is not evidence that Davenport's protected speech from 1999 was a substantial or motivating factor in his non-selections as Chief. Thus, Davenport fails to meet the third requirement for

establishing a prima-facie case of unlawful retaliation for protected speech. The district court did not err in dismissing his First Amendment claim.

B.

Davenport asserts that his non-selections as Chief violated his Fourteenth Amendment right to procedural due process. To establish a violation of procedural due process, a plaintiff must show that he has been deprived of a constitutionally protected life, liberty or property interest. *Movers Warehouse, Inc. v. City of Little Canada*, 71 F.3d 716, 718 (8th Cir. 1995). A property interest in a promotion cannot arise from unilateral expectations, but instead, an individual must have a legitimate claim of entitlement to the promotion. *Meyer v. City of Joplin*, 281 F.3d 759, 761 (8th Cir. 2002). Davenport does not submit any evidence showing a legitimate claim of entitlement to the Chief position. Therefore, he was not deprived of a constitutionally protected property interest. The district court did not err in dismissing his Fourteenth Amendment claim.

III.

The judgment of the district court is affirmed.

_____