# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-1678

———————

| | |
|---|---|
| Tammy Drum, | * |
| | * |
| Appellant, | * |
| | * |
| | *   Appeal from the United States |
| v. | *   District Court for the |
| | *   Western District of Missouri. |
| Leeson Electric Corporation; | * |
| Regal-Beloit Electric Motors, Inc., | * |
| | * |
| Appellees. | * |

———————

Submitted: December 12, 2008
Filed: May 15, 2009

———————

Before MELLOY and BENTON, Circuit Judges, and MAGNUSON,[1] District Judge.

———————

BENTON, Circuit Judge.

Tammy Drum sued Leeson Electric Corporation for sex discrimination in violation of the Equal Pay Act, Title VII, and the Missouri Human Rights Act. The district court granted summary judgment to Leeson. Drum appeals. Having jurisdiction under 28 U.S.C. § 1291, this court reverses and remands.

---

[1] The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

I.

Drum began working for Leeson's predecessor in 1990. In 1999, she was promoted to Human Resources Manager (HRM). In 2005, her HRM salary was $41,548. She was promoted to another position with a salary of $45,600. Her male HRM replacement, Thomas C. Crosier, was hired from outside the company at an annual salary of $62,500.

II.

This court reviews a district court's grant of summary judgment de novo. ***Davenport v. University of Arkansas Board of Trustees***, 553 F.3d 1110, 1112 (8th Cir. 2009). A moving party is entitled to summary judgment when the evidence, viewed in the light most favorably to the nonmoving party, establishes that no genuine issue of material facts exists, and the moving party is entitled to judgment as a matter of law. ***King v. Hardesty***, 517 F.3d 1049, 1056 (8th Cir. 2008).

A.

Since Drum's allegations relate solely to unequal pay for equal work, her Title VII claim is governed by the standards of the Equal Pay Act (EPA), 29 U.S.C. § 206(d). *See* ***Taylor v. White***, 321 F.3d 710, 715 (8th Cir. 2003). In order to establish a prima-facie case under the EPA, an employee must prove an employer paid different wages to men and women performing equal work. ***Brown v. Fred's, Inc.***, 494 F.3d 736, 740 (8th Cir. 2007). The burden of proof then shifts to the employer to prove a statutory affirmative defense. ***Taylor***, 321 F.3d at 715. Those defenses are: (1) a seniority system; (2) a merit system; (3) a system that measures earnings by quantity or quality of production; or (4) a differential based on any other factor other than sex. **29 U.S.C. § 206(d)(1)**. "Under the EPA, a defendant cannot escape liability merely by articulating a legitimate non-discriminatory reason for the employment action.

Rather, the defendant must prove that the pay differential was based on a factor other than sex." ***Simpson v. Merchants & Planters Bank***, 441 F.3d 572, 579 (8th Cir. 2006).

It is undisputed that there is a pay differential between Crosier's salary and Drum's. His approximated the market rate while hers was well below it. Because they performed equal work, the burden of proof shifts to Leeson, which claims that the differential was based on a factor other than sex.

Leeson fails to identify the factor other than sex. The district court interpreted the factor as: "Leeson hired Crosier because he was the most qualified candidate and Crosier required an annual salary of $62,500." This defense is insufficient as a matter of law. Justifying Crosier's salary does not justify Drum's salary. It is the differential that must be explained.

Leeson proffers that the differential was based on the market value of Crosier's skills, citing *Horner v. Mary Institute*, 613 F.2d 706 (8th Cir. 1980). In *Horner*, Mary Institute paid a female physical education teacher less than a male physical education teacher. This court found that Horner failed to establish a prima-facie case under the EPA because she did not prove that she and the male performed equal work. ***Id.*** at 714. This court added that the institute rebutted any possible prima-facie case by proving that the male's experience and ability made him the best person for the job and a higher salary was necessary to hire him. ***Id.***

Leeson concludes that because it negotiated with Crosier, as the institute did with the male in *Horner*, it has proved the factor-other-than-sex defense. In *Horner*, the female teacher was paid a starting salary consistent with the starting salaries for other physical education teachers hired by the institute. The male was paid significantly more. *See **id.*** at 709-10. Since the male's salary was the outlier from the market rate, the institute proved the differential was due to a factor other than sex by

justifying the male's salary. Here, Crosier's salary was consistent with the market rate for the HRM position while Drum's was significantly lower. Since her salary is the outlier, Leeson must justify her salary to prove the differential is based on a factor other than sex.

Leeson attempts to justify Drum's salary by highlighting her prior salaries. When prior salary is asserted as a defense to a claim of unequal pay, this court carefully examines the record to ensure that an employer does not rely on the prohibited "market force theory" to justify lower wages for female employees simply because the market might bear such wages. *Taylor*, 321 F.3d at 718. In conducting this examination, this court's concern is related solely to the issue of whether the prior salary is based on a factor other than sex. *Id.* at 719.

Leeson asserts that Drum's salary resulted from a hiring policy that set salaries slightly under industry averages, but Crosier was hired under a new "broad band salary structure." It is disputed whether the new policy was implemented before Crosier was hired. Still, Leeson submits that "since 2005, every new HRM hired from the outside under the new policy has been given a higher salary than that of the former HRM except one, who was given the same salary." However, Leeson provides only the names of the new and former HRMs, their genders, and their salaries. Because Leeson does not provide their education, experience, or other qualifications, Leeson's data does not prove that the difference in salaries was due to a change in policy.

On this record, Leeson fails to prove as a matter of law that the pay differential between Drum's and Crosier's salaries was due to a factor other than sex. Therefore, summary judgment is inappropriate on the EPA and Title VII claims.

B.

To show a violation of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. §§ 213.010-.137, Drum must prove that her sex was a contributing factor to her lower salary. *See Daugherty v. City of Maryland Heights*, 231 S.W.3d 814, 820 (Mo. 2007). For the reasons cited above, there are genuine issues of material fact, and Leeson is not entitled to judgment as a matter of law under the MHRA.

III.

The judgment of the district court is reversed and the case remanded.

_____