# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3609

_____

| | | |
|---|---|---|
| Rodney J. Cook, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Union Pacific Railroad Company, | * | |
| | * | [UNPUBLISHED] |
| Appellee. | * | |

_____

Submitted: October 20, 2009
Filed: January 20, 2010

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

Rodney Cook was a locomotive engineer for Union Pacific (UP) from 1978 until he injured his back in 1996. As a result of the back injury, Cook filed a Federal Employer's Liability Act (FELA) claim in Colorado state court. In his FELA complaint, Cook alleged his injuries were permanent, disabling, and incapacitating for the indefinite future. Cook testified during his 1999 FELA trial that he would be concerned for the safety of his co-workers and the general public if he returned to work. Cook received a jury verdict of $610,000 for his FELA claim.

In June 2001 and on numerous occasions thereafter, Cook requested that UP reinstate him as a locomotive engineer. UP declined to do so, citing the FELA record

and the statements Cook made during the course of that case. In December 2004, Cook supplied a doctor's note to UP which cleared him for full duty as a railroad engineer. UP informed Cook that he was required to submit to a return-to-work physical. Cook called the medical office a few days later and was told that his file had been placed "on hold."

In January 2005, Cook filed a charge of discrimination with the Nebraska Equal Opportunity Commission (NEOC) and the Equal Employment Opportunity Commission (EEOC), alleging that he was being discriminated against based upon a record of disability in violation of the Americans with Disabilities Act (ADA). At a hearing before an NEOC Administrative Law Judge (ALJ), Cook testified with regard to his various daily physical activities. The ALJ ultimately decided that Cook did not establish a record of disability and that he was estopped from arguing that he could perform the duties of locomotive engineer. Cook attempted to appeal this decision to the Nebraska state courts, but did not timely request that an administrative record be prepared. Instead, Cook requested, and received, a right-to-sue letter from the EEOC and commenced this action.

Following cross-motions for summary judgment, the district court[1] granted summary judgment in favor of UP. Cook v. Union Pac. R.R. Co., No. 4:07CV3241, 2008 WL 4540164 (D. Neb. Oct. 7, 2008). The district court found that judicial estoppel prevented Cook from taking materially different positions in two judicial proceedings. See, e.g., New Hampshire v. Maine, 532 U.S. 742, 750-51 (2001) (discussing judicial estoppel factors: a party's later clearly inconsistent position which would threaten judicial integrity and give the party an unfair advantage). After reviewing the district court's grant of summary judgment de novo, Davenport v. University of Arkansas Board of Trustees, 553 F.3d 1110, 1112 (8th Cir. 2009), we

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

affirm the district court's conclusion that judicial estoppel bars this action.  <u>See</u> 8th Cir. R. 47B.

_____