# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3743

_____

W. T. Paine,                              *
                                          *
            Appellant,                    *
                                          *    Appeal from the United States
      v.                                  *    District Court for the
                                          *    Eastern District of Arkansas.
Jefferson National Life Insurance         *
Company, formerly known as Conseco        *
Variable Life Insurance Company;          *
Protective Life Insurance Company,        *
                                          *
            Appellees.                    *

_____

Submitted: January 11, 2010
    Filed: February 10, 2010

_____

Before GRUENDER and SHEPHERD, Circuit Judges, and JARVEY,[1] District Judge.

_____

SHEPHERD, Circuit Judge.

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa, sitting by designation.

W.T. Paine appeals the district court's[2] dismissal on summary judgment of his lawsuit against Jefferson National Life Insurance Company ("Jefferson")[3] and Protective Life Insurance Company ("Protective")[4] on the ground that Paine's claims are barred by limitations. Paine also appeals the district court's denial of his motion to file a second amended complaint. We affirm.

## I.

"Since this appeal is from a motion for summary judgment, we state the facts in the light most favorable to the nonmoving party." Nelson v. Corr. Med. Servs., 583 F.3d 522, 525 (8th Cir. 2009) (en banc). In 1988, W.T. Paine purchased 15 single-premium life insurance policies ("the policies") from Jefferson. Each policy contained identical terms and conditions, and each required a single $100,000 premium payment, for a total of $1,500,000.00. Prior to Paine's purchase of the policies, Anthony W. Fakouri, an employee of Jefferson, informed Paine that he could borrow money against the policies' interest earnings, income-tax free, as long as his loan balances did not exceed the guaranteed interest earned. Fakouri also represented that, by borrowing on the guaranteed interest earnings, Paine would not affect the

---

[2]The Honorable J. Leon Holmes, Chief Judge, United States District Court for the Eastern District of Arkansas, adopting the recommended disposition of the Honorable Beth Deere, United States Magistrate Judge for the Eastern District of Arkansas.

[3]Jefferson began as Union Life Insurance Company. Following various mergers and name changes, Union Life became Conseco Variable Insurance Company. In 2003, Conseco again changed its name to Jefferson National Life Insurance Company. We will refer to Union Life, Conseco, and Jefferson collectively as "Jefferson."

[4]Protective is a party in this action because on March 29, 2002, Jefferson and Protective entered into a Coinsurance Agreement. In the agreement, Protective agreed to assume "Contractual Liability" for certain insurance policies—including the 13 policies at issue in this case.

guaranteed cash value or death benefits of the policies. Each policy, however, stated that "all existing loans on this policy plus earned interest" would be subtracted from the policy's cash value or death benefit prior to payment at maturity, surrender, or death.

In 1989, Paine began borrowing against the policies evidenced by loan checks mailed from Jefferson to Paine. In 1994, Jefferson began deducting cost-of-insurance charges from the cash values of the policies. The deductions reduced the interest payable on the policies and, eventually, Paine's loans began to draw on the policies' principal. Nevertheless, Paine continued to receive loans on the policies which caused the amount payable upon death, maturity, or surrender to drop below $100,000. Jefferson sent Paine various letters and annual reports reflecting the cash value, loan balance, death benefit, surrender value, and charges on each of Paine's policies. In December 2000, Paine surrendered two of his 15 policies. He received cash surrender checks for $81,661.62 and $82,510.44. When Paine began receiving his loan checks from Protective in 2002, the checks, for the first time, contained a restrictive endorsement stating that the policies were security for Paine's loans and interest on those loans.

On August 17, 2007, Paine brought this action against Jefferson and Protective in Arkansas state court and eventually amended his complaint alleging: (1) breach of oral and written contracts, (2) deceptive acts under section 23-66-202(b) of the Arkansas Code, and (3) intentional infliction of emotional distress/outrage. Jefferson removed the case to federal court. After removal, Paine moved to file a second amended complaint which included a request for a declaratory judgment, and added claims for bad faith and fraudulent misrepresentation.

The district court (1) granted Jefferson's and Protective's motion for summary judgment on Paine's breach of contract and tort claims because the various statutes of limitation had run and the court found that the limitations periods were not tolled,

-3-

and (2) denied Paine's motion to amend the complaint finding that all of the proposed amendments to the complaint were futile. Paine now appeals.

## II.

### A. Statute of Limitations

"This court reviews a district court's grant of summary judgment de novo, viewing the evidence most favorably to the non-moving party." Davenport v. Univ. of Ark. Bd. of Trustees, 553 F.3d 1110, 1112-13 (8th Cir. 2009). "To defeat a motion for summary judgment, a party may not rest upon allegations, but must produce probative evidence sufficient to demonstrate a genuine issue [of material fact] for trial." Id. at 1113. A genuine issue of fact exists "if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." Rakes v. Life Investors Ins. Co. of Am., 582 F.3d 886, 893 (8th Cir. 2009).

Paine does not allege that his tort claims were filed within the applicable statute of limitations period, therefore, Paine has waived the issue on appeal. See United States v. Alvarez-Manzo, 570 F.3d 1070, 1077 (8th Cir. 2009). However, Paine does argue that the limitations period for his breach of contract claims were tolled based on fraudulent concealment.

As this action is in federal court based on diversity of citizenship, state law governs substantive law issues. Oriental Trading Co. v. Firetti, 236 F.3d 938, 944 (8th Cir. 2001). Under Arkansas law, once it is clear from the face of the complaint that an action is barred by the statute of limitations, the burden shifts to the plaintiff to prove by a preponderance of the evidence that the running of the statute was in fact tolled. Meadors v. Still, 40 S.W.3d 294, 298 (Ark. 2001). Although the question of fraudulent concealment is usually one of fact and, thus, unsuited for summary judgment, a trial court may resolve the question as a matter of law when there is no

-4-

evidentiary basis for reasonable differences of opinion. <u>Delanno, Inc. v. Peace</u>, 237 S.W.3d 81, 84 (Ark. 2006).

In order for the running of a statute of limitations to be tolled on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." <u>Bomar v. Moser</u>, 251 S.W.3d 234, 242 (Ark. 2007). Paine has failed to demonstrate that either Jefferson's or Protective's actions constituted fraudulent concealment because there was no positive act of fraud. Paine read and signed the policies which clearly explained that to obtain an interest-free loan, a person must withdraw less than the interest earned on the policy, and that any outstanding indebtedness would be subtracted from the cash value or death-benefit proceeds upon maturity, surrender, or death.

Furthermore, Jefferson and Protective did not actively conceal any of their actions. "Concealed fraud means fraud which is furtively planned and secretly executed." <u>Shelton v. Fiser</u>, 8 S.W.3d. 557, 562-63 (Ark. 2000). Through letters and annual statements, Jefferson continuously represented to Paine that it was making cost-of-insurance deductions and that Paine's loans were being applied against principal. Protective's restrictive endorsement check, first appearing on interest checks mailed to Paine in 2002, complied with the insurance policies which indicated that Paine could receive loans on the policies but that these loans would be subtracted from the policies' cash value or death benefits prior to payment.

Finally, neither Jefferson nor Protective acted in any manner that could not have been discovered by Paine through the exercise of reasonable diligence. Paine was made aware of the decrease in his loan proceeds when he surrendered two of his 13 policies and realized a drastic loss in net cash value from the $100,000 premium he had originally paid. Paine also should have known of the decrease in his policy benefits through his annual statements.

As Paine has not established the required elements of fraudulent concealment, he is not entitled to tolling of the statute of limitations period with respect to his breach of contract claims. Therefore, we find that the district court correctly granted summary judgment.

## B. Denial of Motion for Leave to Amend the Complaint

Finally, Paine challenges the district court's denial of his motion to file a second amended complaint based on the futility of his proposed amendments. "While we review the denial of a motion to file an amended complaint for abuse of discretion, we review the finding of futility de novo." Amrine v. Brooks, 522 F.3d 823, 833 (8th Cir. 2008) (internal citation omitted). Having thoroughly reviewed this claim, we find no error in the district court's analysis and conclusions with respect to this issue.

## III.

For the foregoing reasons, we affirm.

_____