# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1728

_____

Anthony D. Hayes, Officer,                      *
                                                *
          Appellant,                            *
                                                *     Appeal from the United States
     v.                                         *     District Court for the
                                                *     Eastern District of Arkansas.
Charles Patterson, Mayor, City of               *
Parkin, AR; Wesley Vaughn, Parkin               *     [UNPUBLISHED]
Police Department, Chief of Police              *
Services; Parkin City Council Board,            *
                                                *
          Appellees.                            *

_____

Submitted: February 5, 2010
Filed: February 23, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Anthony Hayes appeals the district court's[1] orders denying his motion to compel discovery and impose sanctions, under Federal Rule of Civil Procedure 37, and granting summary judgment in his action alleging employment discrimination, retaliation, and violation of his due process and equal protection rights. We affirm.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

Reviewing de novo, see Johnson v. Blaukat, 453 F.3d 1108, 1112 (8th Cir. 2006), we conclude the grant of summary judgment was proper. As to the discrimination claims, Hayes did not present direct evidence of discrimination, and did not show that he was a member of a protected class, or that similarly situated employees outside his protected class were treated differently. See Fields v. Shelter Mut. Ins. Co., 520 F.3d 859, 863-64 & n.3 (8th Cir. 2008) (where plaintiff in Title VII action does not present direct evidence of discrimination, he may survive motion for summary judgment by establishing prima facie case of discrimination under burden-shifting framework; to establish prima facie case, plaintiff must show, among other things, that he is member of protected class, and that similarly situated employees outside protected class were treated differently; where Title VII and 42 U.S.C. § 1981 claims set forth parallel, substantially identical legal theories of recovery, court applies same analysis to both); Richmond v. Bd. of Regents of Univ. of Minn., 957 F.2d 595, 598 (8th Cir. 1992) (same prima facie case under 42 U.S.C. § 1983 for race discrimination).

As to the retaliation claims, Hayes did not present direct evidence of retaliation, and did not show that he engaged in protected activity for the purpose of establishing a retaliation claim under Title VII, section 1981, or section 1983. See Buettner v. Arch Coal Sales Co., Inc., 216 F.3d 707, 713 (8th Cir. 2000) (in absence of direct evidence of retaliation, burden-shifting analysis applies; under burden-shifting analysis, plaintiff must establish prima facie case of retaliatory discrimination; to establish prima facie case, plaintiff must show, among other things, that he engaged in activity protected by Title VII); Brower v. Runyon, 178 F.3d 1002, 1005 (8th Cir. 1999) (conduct is only protected if it qualifies as participation "in any manner" in Title VII "investigation, proceeding, or hearing"); see also Hudson v. Norris, 227 F.3d 1047, 1050-51 (8th Cir. 2000) (same prima facie case under § 1983 for retaliation). Further, to the extent Hayes alleged that defendants retaliated against him for exercising his First Amendment right to free speech by requesting a hearing in front of the Parkin City Council Board, we conclude that the request did not qualify as

protected speech under the First Amendment. See Davenport v. Univ. of Ark. Bd. of Trustees, 553 F.3d 1110, 1113 (8th Cir. 2009) (to establish prima facie case of unlawful retaliation for protected speech, plaintiff must prove, among other things, that he engaged in activity protected by First Amendment; describing circumstances where plaintiff's speech is entitled to First Amendment protection).

Further, we conclude Hayes did not show that defendants violated his rights to due process or equal protection, or his rights under 42 U.S.C. §§ 1985 or 1986. See Stodghill v. Wellston Sch. Dist., 512 F.3d 472, 476 (8th Cir. 2008) (government employee is entitled to procedural due process in connection with being discharged from employment only when he has been deprived of constitutionally protected property or liberty interest; describing requirements for establishing protected liberty interest); Creason v. City of Washington, 435 F.3d 820, 823 (8th Cir. 2006) (requirements for stating equal protection claim); Jensen v. Henderson, 315 F.3d 854, 862-63 (8th Cir. 2002) (requirements for establishing claims under §§ 1985 and 1986).

Finally, we conclude the district court did not abuse its discretion in denying Hayes's motion to compel and for sanctions. See Crump v. Versa Prods., Inc., 400 F.3d 1104, 1110 (8th Cir. 2005) (standard of review for denial of sanctions under Rule 37); Stuart v. Gen. Motors Corp., 217 F.3d 621, 637 (8th Cir. 2000) (standard of review for denial of motion to compel).

Accordingly, we affirm.

_____