# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3768

_____

Jodie Riggs, doing business as     *
The Silver Saddle,     *

                         *    Appeal from the United States
        Appellant,     *    District Court for the
                         *    Western District of Arkansas.
    v.     *

                         *         [UNPUBLISHED]
Valley Forge Insurance Company,     *
                         *
       Appellee.     *

_____

Submitted: December 10, 2010
Filed: December 14, 2010

_____

Before BYE, BOWMAN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Jodie Riggs, doing business as The Silver Saddle, appeals from the order of the District Court[1] granting summary judgment to Valley Forge Insurance Company in this diversity action. Valley Forge was the insurer of Riggs's business property when the business was destroyed by a fire in December 2004. In her breach-of-contract claim, Riggs alleged that Valley Forge paid her a portion of the covered loss due under the policy but wrongfully refused to pay the full amount due. In her bad-faith

_____

[1]The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

claims, Riggs alleged, inter alia, that Valley Forge initially indicated that the losses caused by the fire would reach or exceed policy limits and suggested that the fire was caused by arson. After de novo review, applying Arkansas law, we affirm for the reasons that follow. See Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 991–92 (8th Cir. 2010) (setting out the standard of review and noting that in a diversity action, state law governs issues of substantive law),

We may affirm the District Court's grant of summary judgment on any ground supported by the record. Bluehaven Funding, LLC v. First Am. Title Ins. Co., 594 F.3d 1055, 1058 (8th Cir. 2010). We conclude that summary judgment was properly granted on Riggs's breach-of-contract claim based on the evidence in the record, including undisputed evidence that Riggs submitted invoices to Valley Forge for work performed at her mother's residence, which was not covered by the policy. See Brawner v. Allstate Indem. Co., 591 F.3d 984, 989 (8th Cir. 2010) ("Under Arkansas law, the language of the insurance contract governs whether an insurer may withhold coverage on the basis of the insured's allegedly false statements."). We further conclude that Riggs's allegations in support of her bad-faith claims were insufficient to establish that Valley Forge waived any policy provisions or engaged in either statutory or common-law bad faith. See State Farm Fire & Cas. Co. v. Andrews, 210 S.W.3d 896, 902 (Ark. 2005) ("The purpose of [Ark. Code Ann. §] 23-79-208 is to punish the unwarranted delaying tactics of insurance companies."); S. Farm Bureau Cas. Ins. Co. v. Allen, 934 S.W.2d 527, 529 (Ark. 1996) ("The components of the tort of bad faith are affirmative misconduct by an insurer, without a good-faith defense, which is dishonest, malicious, or oppressive in an attempt to avoid liability under a policy." (citations to quoted cases omitted)).

We affirm the judgment of the District Court.

_____