# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3691

_____

Charles Summerhill, on     *
behalf of himself and all     *
others similarly situated,     *
    *
     Appellant,     *
    *
     v.     *   Appeal from the United
    *   States District Court for the
Terminix, Inc.; Terminix     *   Eastern District of Arkansas.
International Company, LP;     *
Terminix International, Inc.;     *
ServiceMaster Company;     *
ServiceMaster Consumer     *
Services, LP; ServiceMaster     *
Consumer Services, Inc.,     *
    *
     Appellees.     *

_____

Submitted: January 10, 2011
Filed: March 24, 2011

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Charles Summerhill (Summerhill), the named plaintiff in a purported class action lawsuit against Terminix,[1] appeals the district court's[2] dismissal of his first amended complaint as time-barred because Summerhill failed to sufficiently plead that the Arkansas doctrine of fraudulent concealment saves his otherwise stale claims. We affirm.

## I. BACKGROUND

On June 16, 2008, Summerhill, on behalf of himself and a proposed class of Arkansas Terminix customers, filed suit against Terminix in the Circuit Court of Lonoke County, Arkansas, alleging breach of contract and warranty obligations, failure to warn, negligence, and violation of the Arkansas Deceptive Trade Practices Act. The claims were based on Terminix's alleged failure, before 1996, to provide services necessary to protect the structures of its Arkansas customers from termite infestation. The case was removed to federal district court where Terminix filed a motion to dismiss, asserting, among other theories, that the suit was time-barred because applicable limitation periods had run and Summerhill failed to adequately plead that the Arkansas doctrine of fraudulent concealment tolled such limitation periods. The district court agreed with Terminix and determined that Summerhill failed to meet his burden of pleading fraudulent concealment "with particularity." See Fed. R. Civ. P. 9(b) ("In alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . ."). The district court then granted Summerhill permission to file an amended complaint to cure this and other pleading deficiencies.

---

[1]The defendants in this case include Terminix, Inc.; Terminix International Company, LP; Terminix International, Inc.; Service Master Company; ServiceMaster Consumer Services, LP; and ServiceMaster Consumer Services, Inc. For ease of reference, we refer to these defendants as "Terminix" throughout this opinion.

[2]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Summerhill filed his first amended complaint (FAC) on April 1, 2009. The FAC alleged, with some greater specificity, the same claims as the original complaint. Essentially, the FAC alleged that (1) Arkansas law required Terminix to erect complete chemical barriers around the perimeter of its customers' structures; (2) this obligation was implied-in-law into every customer's contract between 1978 and early 1996; and (3) Terminix only erected a partial chemical barrier around the perimeter of its customers' structures, which inadequately protected its customers' structures from termites. To support his claim that fraudulent concealment tolled applicable statutes of limitations, Summerhill alleged that Terminix failed to disclose to its customers that Arkansas law required a complete chemical termite barrier and, because chemical termite barriers are invisible, it was impossible for Summerhill, a layman, to discover that Terminix failed to erect a complete barrier. Terminix moved to dismiss the FAC, again asserting that Summerhill's claims were time-barred because Summerhill failed to allege sufficient facts to toll applicable statutes of limitations under the doctrine of fraudulent concealment.

The district court dismissed the FAC as time-barred, holding that Summerhill failed to plead the doctrine of fraudulent concealment with particularity. Specifically, the district court determined that Terminix's failure to inform Arkansas customers that it was not erecting complete chemical barriers was not the type of "affirmative and fraudulent act[] of concealment" required under Arkansas law to toll statutes of limitations. First Pyramid Life Ins. Co. of Am. v. Stoltz, 843 S.W.2d 842, 845 (Ark. 1992). Moreover, the district court concluded that Summerhill's failure to plead any facts regarding when and how he discovered Terminix's alleged wrongdoing was fatal to his fraudulent concealment claim. Summerhill appeals.

## II.  DISCUSSION

We review de novo the district court's decision to dismiss a complaint under Federal Rules of Civil Procedure 12(b)(6) or 9(b). Drobnak v. Andersen Corp., 561

F.3d 778, 783 (8th Cir. 2009); United States ex rel. Costner v. United States, 317 F.3d 883, 888 (8th Cir. 2003). Under Rule 9(b)'s heightened pleading standard, "allegations of fraud, including fraudulent concealment for tolling purposes, [must] be pleaded with particularity." Great Plains Trust Co. v. Union Pac. R.R. Co., 492 F.3d 986, 995 (8th Cir. 2007). In other words, Rule 9(b) requires plaintiffs to plead "the who, what, when, where, and how: the first paragraph of any newspaper story." Id. (quotation omitted).

Because this case arises under our diversity jurisdiction, we apply state tolling law and federal procedural law. Id. Under Arkansas law, once it is clear from the face of the complaint that an action is barred by an applicable statute of limitations, the burden shifts to the plaintiff to prove that the limitation period was in fact tolled. Paine v. Jefferson Nat'l Life Ins. Co., 594 F.3d 989, 992 (8th Cir. 2010) (applying Arkansas law); see also Kincheloe v. Farmer, 214 F.2d 604, 605 (7th Cir. 1954) (applying Federal Rules of Civil Procedure) ("Plaintiff by the allegations of his complaint erected the limitation bar and it was his duty in order to extricate himself therefrom to plead any exceptions upon which he relied."). In order to toll a limitation period on the basis of fraudulent concealment, there must be: "(1) a positive act of fraud (2) that is actively concealed, and (3) is not discoverable by reasonable diligence." Paine, 594 F.3d at 992 (quotation omitted). Importantly, "[f]raud suspends the running of the statute of limitations . . . until the party having the cause of action discovers the fraud or should have discovered it by the exercise of reasonable diligence." Martin v. Arthur, 3 S.W.3d 684, 687 (Ark. 1999) (quotation omitted).

Summerhill does not dispute that the claims in the FAC, which are based on Terminix's alleged misconduct between 1978 and 1996, are clearly time-barred unless the doctrine of fraudulent concealment tolls applicable limitation periods. See Ark. Code Ann. § 16-56-111 (five-year limitation period for actions to enforce written obligations); id. § 16-56-105 (three-year limitation period for tort actions); id. § 4-88-

-4-

115 (five-year limitation period for deceptive trade practices actions). Therefore, it is Summerhill's burden to plead, with particularity, facts to support his claim that the doctrine of fraudulent concealment tolls applicable statutes of limitations. Summerhill vigorously argues that he sufficiently pled that Terminix engaged in affirmative and fraudulent acts of concealment as required by Arkansas law. Summerhill fails to address, however, the district court's alternative ground for dismissing the FAC–i.e., the FAC does not specifically allege when and how Summerhill discovered Terminix's alleged fraud.

Assuming *arguendo* that Summerhill sufficiently pled that Terminix engaged in affirmative and fraudulent acts of concealment, the applicable statutes of limitations would only be tolled "*until [Summerhill] discover[ed] the fraud* or should have discovered it by the exercise of reasonable diligence." Martin, 3 S.W.3d at 687 (emphasis added) (quotation omitted). By failing to allege when and how he discovered Terminix's alleged fraud, Summerhill has failed to meet his burden of sufficiently pleading that the doctrine of fraudulent concealment saves his otherwise time-barred claims. See Wood v. Carpenter, 101 U.S. 135, 140-41, 143 (1879) ("If the plaintiff made any particular discovery, it should be stated when it was made, what it was, how it was made, and why it was not made sooner. . . . The circumstances of the discovery must be fully stated and proved, and the delay which has occurred must be shown to be consistent with the requisite diligence."); Murray v. Chicago & N.W. Ry. Co., 92 F. 868, 872-73 (8th Cir. 1899) (same); Stewart Coach Indus., Inc. v. Moore, 512 F. Supp. 879, 886 (S.D. Ohio 1981) (concluding that, under Rule 9(b), (f), one must "affirmatively and particularly plead the date of discovery . . . or face dismissal of the complaint"); 51 Am. Jur. 2d Limitation of Actions § 184 ("One may not avoid the effect of the statute of limitations on the ground of fraudulent concealment if he or she fails to plead or offer evidence as to when he or she discovered the alleged fraud.").

## III. CONCLUSION

We affirm.

_____