# IN THE COURT OF APPEALS OF IOWA

No. 23-1514
Filed December 18, 2024

**JOSEPH ROMARE and WHISKEY RIVER ON VINTAGE, INC.,**
    Plaintiffs-Appellants,

**vs.**

**CITY OF ANKENY, IOWA and DAVID JONES,**
    Defendants-Appellees.
_____

    Appeal from the Iowa District Court for Polk County, Paul D. Scott, Judge.

    A bar owner appeals the dismissal of his lawsuit against the City of Ankeny and its city manager. **AFFIRMED.**

    Billy J. Mallory and Trevor A. Jordison of Mallory Law, Urbandale, for appellants.

    Jason C. Palmer and Georgia R. Rice of Lamson Dugan & Murray LLP, West Des Moines, for appellees.

    Considered by Tabor, C.J., and Chicchelly and Sandy, JJ.

**TABOR, Chief Judge.**

Ankeny bar owner Joseph Romare challenges the dismissal of his petition alleging the city manager violated the law by sending police to his business. The district court found Romare's allegations too vague to meet the heightened pleading standard in Iowa Code section 670.4A(3) (2022). Like the district court, we find that Romare's petition failed to "state with particularity the circumstances constituting the violation" and affirm its dismissal.

## I. Facts and Prior Proceedings

Romare owns a bar called Whiskey River. He believes that Ankeny city manager David Jones "has been using the police" to "put him out of business." In December 2022, Romare filed a petition alleging that Jones encouraged the police to "regularly harass" his customers by parking marked vehicles in front of his business or in an adjacent lot. Romare also asserted that the police "without probable cause, entered onto [his] premises and hectored, harassed, worried and intimidated [his] customers."

The city moved to dismiss, noting that the petition did not "explicitly identify any legal theory" but would likely fall under the Iowa Municipal Tort Claims Act. That act now places a heightened pleading requirement on plaintiffs who bring claims against a municipal corporation or its employees. *See* Iowa Code § 670.4A(3); *Nahas v. Polk Cnty.*, 991 N.W.2d 770, 780 (Iowa 2023). The city claimed that Romare failed to allege facts with enough particularity to put it on notice of a violation of "clearly established" law. Iowa Code § 670.4A(3). Romare resisted, contending that his petition met the pleading requirements of

section 670.4A(3).[1]  After a hearing, the district court found that Romare's factual allegations lacked particularity and dismissed the petition with prejudice.  Romare appeals.

## II.      Scope and Standard of Review

We review the dismissal of Romare's petition for the correction of errors at law.  *See Nahas*, 991 N.W.2d at 775.  Despite the heightened pleading standard, we must—as with any motion to dismiss for failure to state a claim on which relief can be granted—accept all factual allegations in the petition as true.  *See id.*

## III.     Analysis

A year before the acts alleged in Romare's petition, the legislature introduced a heightened pleading standard for municipal tort claims.  2021 Iowa Acts ch. 183, § 14(3) (codified at Iowa Code § 670.4A(3)).  That new standard sets three conditions: (1) petitions "must state with particularity the circumstances constituting the violation"; (2) they must "plead a plausible violation" of the law with particularity; and (3) they must state "that the law was clearly established at the time of the alleged violation."  *Victoriano v. City of Waterloo*, 984 N.W.2d 178, 181 (Iowa 2023) (quoting Iowa Code § 670.4A(3)).  "Failure to plead a plausible violation or failure to plead that the law was clearly established at the time of the alleged violation shall result in dismissal with prejudice."  Iowa Code § 670.4A(3).

Romare argues that the district court wrongly decided that the facts in his petition were "conclusory and not specific" enough to plead a plausible violation of the law.  He criticizes the court for failing "to draw on [its] judicial experience and

---

[1]  Romare did not contest that the heightened pleading standard in section 670.4A(3) applied to his petition.

common sense" in reaching that conclusion. Then he asserts for the first time on appeal that his petition alleged "a 42 U.S.C. § 1983 claim."[2]

We start with Romare's new theory of liability. Not only does his petition not allege a federal civil rights claim, but Romare did not mention section 1983 when the district court asked for his legal theory at the motion-to-dismiss hearing. Romare cannot advance an issue on appeal that was not raised in the district court. *See Tigges v. City of Ames*, 356 N.W.2d 503, 507–08 (Iowa 1984).

Moving to the question of particularity under section 670.4A(3), we apply the newspaper-lede test from federal fraud cases borrowed in *Nahas*, 991 N.W.2d at 781.[3] Under that test, pleading with particularity means providing "the who, what, when, where, and how" of the misconduct charged. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011) (citation omitted). Romare maintains that his petition answered all five questions.

Viewing his pleadings in the most favorable light, we agree that Romare alleged sufficient facts for the "who" (city manager overseeing police) and "where" (Whiskey River bar) prongs. But his pleadings fall short on the "when," "what," and "how" requirements. As to "when," Romare's broad allegation that police misconduct occurred during the twelve months preceding December 2022 does

---

[2] "This section of the United States Code allows redress for individuals 'whose constitutional rights were deprived by persons acting under color of state law.'" *Baker v. City of Iowa City*, 867 N.W.2d 44, 52 (Iowa 2015) (citation omitted).

[3] *Nahas* observed: "Federal caselaw is replete with discussions of what the particularity and plausibility standards entail." 991 N.W.2d at 781. But federal cases discussing the heightened pleading standard deal with allegations of fraud or mistake. *See id.* (citing Fed. R. Civ. P. 9(b)). Meanwhile, Iowa Code section 670.4A(3) appears to apply to all municipal tort claims. That difference creates challenges when appropriating the particularity standards from federal caselaw.

not satisfy the particularity requirement. We recognize that "a precise time frame" may be unnecessary. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (noting that courts cannot make Federal Rule of Civil Procedure 9(b) "carry more weight than it was meant to bear" (citation omitted)). But without more specificity as to the dates or frequency of the alleged encounters between officers and Whiskey River customers, the city is unable to defend against the charges. *See United States ex rel. Costner v. United States*, 317 F.3d 883, 888 (8th Cir. 2003) (describing purpose of particularity requirement in Rule 9(b) as enabling the defendant "to respond specifically and quickly to the potentially damaging allegations").

But even if that general time frame were specific enough, the "what" and "how" details are lacking. For the "what", Romare points to his allegations that police officers parked their marked cars outside of his bar and sometimes entered the bar and "hectored, harassed, worried, and intimidated" his customers. But he does not connect that alleged conduct to a plausible cause of action.[4] As the city's attorney argued at the hearing: "There's nothing in here for me to know what [are] the prima facie elements? And quite honestly, the City of Ankeny and the city manager deserve to know. They deserve to know, what am I being sued for?"

Yet Romare insists that neither section 670.4A(3) nor *Nahas* requires him to name a cause of action. In the district court, he argued, "you're not required to specify in that section exactly what the law is, just that it's been well established."

---

[4] Our court has questioned whether the legislature intended that the criminal offense under Iowa Code section 708.7 would give rise to a civil cause of action for harassment. *See Davenport v. City of Corning*, No. 06-1156, 2007 WL 3085797, at *7 (Iowa Ct. App. Oct. 24, 2007).

He repeats that refrain here, contending that it was enough for him to generically state in his petition: "The law applicable to this case was clearly established at the time of the violation."

We reject Romare's reading of the statute. Section 670.4A(3)'s third component—pleading that the law was clearly established at the time of the alleged violation—is not a "magic words" mandate. And Romare did not give the defendants clear notice of the ground for his suit by saying, in essence, "whatever law I later invoke will be clearly established." What's more, trial judges are not meant to be psychics, left to divine the legal basis for the petition.

Trouble is, Romare's interpretation decouples the clearly-established-law component from the plausibility component. To satisfy the heightened pleading standard, Romare needed "to allege sufficient facts to show the defendants are liable for specific causes of action." *Nahas*, 991 N.W.2d at 782; *see also Payne v. Britten*, 749 F.3d 697, 702 (8th Cir. 2014) ("Courts may ask only whether the facts as alleged plausibly state a claim and whether that claim asserts a violation of a clearly established right."). But Romare did not do so.

Finally, the "how." Romare must identify injuries plausibly caused by Jones's conduct. *See Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1105 (9th Cir. 2013). In his petition, Romare claims he suffered decreased property values, loss of earnings, attorney fees, loss of reputation, and other economic damages. But he does not connect those alleged damages to actions taken by Jones. So his petition fails to meet the heightened pleading standards.

**AFFIRMED.**