# United States Court of Appeals
## For the Eighth Circuit

_____

No. 11-2642

_____

United States of America, ex rel John P. Raynor

*Plaintiff - Appellant*

v.

National Rural Utilities Cooperative Finance, Corporation; National Rural Electric Cooperative Association; Randall B. Johnston; Deloitte Touche USA, LLP; Sheldon C. Petersen; John J. List; Steven L. Lilly; Glenn L. English; Ernst & Young, LLP; Moody's Corp.; Moody's Investors Service, Inc.; The McGraw Hill Companies, Inc.; Fitch, Inc.; Fitch Ratings, LTD.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: May 16, 2012
Filed: August 23, 2012

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

BENTON, Circuit Judge.

John P. Raynor sued the National Rural Utilities Cooperative Finance Corporation and a number of its officers and alleged co-conspirators in a qui tam action for violations of the False Claims Act, 31 U.S.C. §§ 3729-33. On National

Rural's motion, the district court[1] dismissed the complaint with prejudice as to Raynor.[2] He appeals. Jurisdiction being proper under 28 U.S.C. § 1291, this court affirms.

I.

National Rural is a non-profit, member-owned cooperative that provides financing and financing assistance to its members, rural electric cooperatives. A National Rural controlled cooperative—Rural Telephone Finance Corporation—provides financing to rural telephone companies. National Rural receives federal funding from the Federal Agricultural Mortgage Corporation (Farmer Mac) and the Federal Financing Bank through the Rural Economic Development Loan and Grant Program administered by the United States Department of Agriculture.

Raynor alleges that National Rural is violating the False Claims Act by receiving Farmer Mac investment funds in violation of federal law. He alleges that before 2008, Farmer Mac made "non-program investments" in National Rural that exceeded its investment cap for a single entity and violated a marketability requirement. Raynor also alleges that after 2008, Farmer Mac issued loans and revolving lines of credit to National Rural that exceeded its authority and violated its charter.

Raynor also alleges that National Rural is violating the Act by perpetrating three frauds, "the Embezzlement Scheme," "the CoServ Loan Fraud," and "the ICC

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]The district court's order of dismissal is without prejudice as to the government.

Loan Fraud." He alleges that National Rural should not have received approval for Farmer Mac investments, loans through the Rural Economic Development Loan and Grant Program, or guarantees on those loans from USDA because the financial statements that National Rural submitted to obtain them were false and misleading. Raynor complains that National Rural did not apply Generally Accepted Accounting Principles (GAAP) in accounting for its losses on two loans—one to Denton County Electric Cooperative, Inc. (the CoServ loan) and one to Innovative Communication Corporation (the ICC loan)—and that CFC also failed to disclose an "Embezzlement Scheme." He alleges that National Rural embezzled from Rural Telephone by attributing its profits to other electric utilities affiliated with National Rural. Raynor asserts that National Rural's access to federal investments, loans, and guarantees was fraudulent because it "would not have an investment grade rating but for accounting fraud."

The district court dismissed Raynor's third amended complaint under Fed. R. Civ. P. 9(b) and under Fed. R. Civ. P. 12(b)(6).

II.

This court reviews de novo a district court's dismissal of an action pursuant to the heightened pleading standard applied to complaints of fraud under the Federal Rules of Civil Procedure. *Summerhill v. Terminix, Inc.*, 637 F.3d 877, 880 (8th Cir. 2011); **Fed. R. Civ. P. 9(b).** "To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556 (8th Cir. 2006).

This court also reviews de novo the grant of a motion to dismiss for failure to state a claim. *B & B Hardware, Inc. v. Hargis Industries, Inc.*, 569 F.3d 383, 387

(8th Cir. 2009). In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences most favorably to the complainant. *Id.*; *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Nonetheless, although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *citing Twombly*, 550 U.S. at 555.

The False Claims Act imposes liability on those who present false claims, or cause false claims to be presented, to the government for payment or approval; use false statements, or cause false statements to be used, to get a false claim paid or approved by the government; or conspire to defraud the government, among other things. **31 U.S.C. § 3729(a)(1)-(3).**[3] The Act's qui tam provisions permit private persons, relators, to sue for violations "in the name of the government" and recover a share of the proceeds if the suit is successful. **31 U.S.C. § 3730(b), (d).** "A prima facie case under the [Act] requires that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *United States v. Basin Elec. Power Coop.*, 248 F.3d 781, 803 (8th Cir. 2001).

A.

Raynor argues the district court should not have applied Rule 9(b)'s higher pleading standard to his allegations that National Rural is violating the Act by

---

[3]The Act's 2009 amendments do not change the analysis here. Like Raynor, this court cites the pre-amendment statutory provisions.

receiving investments, loans, and loan guarantees in violation of federal law.[4] Raynor contends that because these allegations are based only on the falsity or legal invalidity of the investments—not on any alleged fraud—he should have to prove only that National Rural knowingly received monies in violation of federal law.

The relator in *United States ex. rel. Clausen v. Laboratory Corp. of Am., Inc.*, 290 F.3d 1301, 1308-10 (11th Cir. 2002), also argued that a complaint regarding false (as opposed to fraudulent) claims under the Act does not trigger Rule 9(b). The Eleventh Circuit disagreed, concluding that Rule 9(b) applies to false claims under the FCA because despite the disjunctive use of "false or fraudulent," the Supreme Court has consistently recognized the Act as an anti-fraud statute. ***Id.*** at 1309, *citing **Vermont Agency of Nat. Resources v. United States ex rel. Stevens***, 529 U.S. 765, 781 (2000).

This court has repeatedly applied Rule 9(b)'s heightened pleading standard to causes of action under the Act. *See **United States ex rel. Vigil v. Nelnet, Inc.***, 639 F.3d 791, 796 (8th Cir. 2011) ("Because the FCA is an anti-fraud statute, the Complaint's false-claim allegations must comply with Rule 9(b)—'a party must state with particularity the circumstances constituting fraud.'"), *quoting **Joshi***, 441 F.3d at 556; ***United States ex rel. Roop v. Hypoguard USA, Inc.***, 559 F.3d 818, 822 (8th Cir. 2009) ("Grounded in fraud, FCA claims must satisfy Rule 9(b)'s heightened pleading requirement . . . . To meet this standard and enable the defendant to respond 'specifically and quickly,' a complaint alleging fraud 'must identify who, what, where, when, and how.'"), *quoting **United States ex rel. Costner v. United States***, 317 F.3d 883, 888 (8th Cir. 2003). Rule 9(b) applies to Raynor's allegations that National Rural is violating the Act by receiving investments, loans, and loan guarantees in violation of federal law.

---

[4]There is no dispute that Rule 9(b)'s heightened pleading standard applies to Raynor's fraud allegations regarding National Rural's allegedly false and misleading financial statements.

As the district court explained, Raynor's "conclusory" or "summar[y]" allegations lack the specifics necessary for a fraud claim. The district court wrote: "Though Raynor's allegations are numerous, none of them sufficiently set forth specifics regarding the fraudulent nature of any of the alleged acts of any Defendant." The district court rightly pointed out that Raynor never alleged any wrongdoing or falsity on the part of National Rural in obtaining the investments, loans, or guarantees. Raynor fails to detail the "how" of National Rural's fraud. *See* **Costner**, 317 F.3d at 888; *see also* **Ziemba v. Cascade Int'l, Inc.**, 256 F.3d 1194, 1208 (11th Cir. 2001) (citing cases) (noting that violations of "GAAP, standing alone, do not satisfy the particularity requirement of Rule 9(b).").

Raynor counters that the standard should be relaxed in this type of case because the Act is a remedial statute that advances the public policy of protecting the treasury. This court has rejected similar arguments, holding that "neither the Federal Rules not the [Act] offer any special leniency" to one who fails "to allege with the required specificity the circumstances of the fraudulent conduct he asserts in his action." **Joshi**, 441 F.3d at 560 (citation and internal quotation marks omitted).

Raynor's complaint does not meet the standard of particularity required to survive the motion to dismiss. The district court properly dismissed the complaint under Rule 9(b).

B.

A plausible claim for relief under the Act requires proof of false claims. The district court correctly noted that even accepting Raynor's facts as true and construing all reasonable inferences most favorably to him, the complaint fails to allege the falsity of each claim. "Without sufficient allegations of materially false claims, an FCA complaint fails to state a claim on which relief may be granted." **Vigil**, 639 F.3d at 796. Raynor contends that National Rural's failure to adhere to GAAP suffices to prove its claims were false.

Raynor does not allege that National Rural failed to comply with *any* GAAP-compliant accounting treatment, but rather shows only that it did not comply with his *desired* GAAP-compliant accounting treatment. The district court accurately found that the complaint was "devoid of any indication" that Raynor's desired GAAP-compliant accounting treatment was "the only acceptable method under the circumstances." GAAP are "a series of general principles followed by accountants." *Basin Elec.*, 248 F.3d at 786. GAAP "'are far from being a canonical set of rules that will ensure identical accounting treatment of identical transactions. [GAAP], rather, tolerate a range of 'reasonable' treatments, leaving the choice among alternatives to management.'" *In re K-tel Int'l, Inc. Sec. Litig.*, 300 F.3d 881, 890 (8th Cir. 2002), *quoting Thor Power Tool Co. v. C.I.R.*, 439 U.S. 522, 544 (1979); *see also Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 101 (1995) (finding GAAP "not [a] lucid or encyclopedic set of pre-existing rules," and that "GAAP changes and, even at any one point, is often indeterminate"). "As we have said, to prevail here the relators must show that there is no reasonable interpretation of the law that would make the allegedly false statement true . . . ." *United States ex rel. Hixson v. Health Mgmt. Sys., Inc.*, 613 F.3d 1186, 1191 (8th Cir. 2010). Raynor offered no proof that National Rural's accounting methods were beyond the scope of reasonable, GAAP-compliant treatments.

Even if Raynor could prove violations of GAAP, they alone do not demonstrate knowing fraud. *See* **31 U.S.C. § 3729(b)**; *see also Minnesota Assoc. of Nurse Anesthetists v. Allina Health Sys. Corp.*, 276 F.3d 1032, 1053 (8th Cir. 2002) ("[I]t is important to remember that the standard for liability is knowing, not negligent, presentation of a false claim."). Raynor's complaint made no factual allegations of knowing fraud.

Raynor's complaint does not meet the standard of plausibility required to survive the motion to dismiss. The district court properly dismissed the complaint under Rule 12(b)(6).

## III.

Raynor contends the district court abused its discretion in denying his Rule 59(e) motion for reconsideration of the dismissal, and in denying him leave to amend his complaint a fourth time. This court reverses a denial of a motion for reconsideration "only for a clear abuse of discretion," which occurs when a district court "fails to consider an important factor, gives significant weight to an irrelevant or improper factor, or commits a clear error of judgment in weighing those factors." *Matthew v. Unum Life Ins. Co. of Am.*, 639 F.3d 857, 863 (8th Cir. 2011) (citations and internal quotation marks omitted). This court also reviews for abuse of discretion the denial of the motion to amend the complaint but reviews de novo the underlying legal conclusion whether the proposed amendments to the complaint would have been futile. *Joshi*, 441 F.3d at 555. A court need not evaluate futility, however, if it "can affirm the court's denial of leave to amend on the alternate basis that [the plaintiff] failed to offer a proposed amended complaint to the district court." *In re 2007 Novastar Fin. Inc., Secs. Litig.*, 579 F.3d 878, 884 (8th Cir. 2009).

Leave to amend should be granted freely "when justice so requires." **Fed. R. Civ. P. 15(a).** The applicable local rule requires a party requesting leave to amend to attach a proposed amended pleading. *See* **D. Neb. Civ. R. 15.1(a)** ("A party who moves for leave to amend a pleading . . . must file as an attachment to the motion an unsigned copy of the proposed amended pleading that clearly identifies the proposed amendments."); *Mahlin v. Williams*, 2008 WL 4661449, at *3 n.5 (D. Neb. Oct. 20, 2008) (explaining that D. Neb. Civ. R. 15.1 applies in the context of Rule 59 reconsideration motions). "A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e) . . . ." *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact . . . ." *Id.* (citation and internal quotation marks omitted).

A district court does not abuse its discretion in denying leave to amend when a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule. *See, e.g., O'Neil v. Simplicity*, 574 F.3d 501, 505 (8th Cir. 2009) ("The [Local Rule] requires a plaintiff to submit a proposed amended pleading with a motion to amend the complaint. A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009) (affirming denial of leave to amend where plaintiffs did not move to amend or file a proposed amended pleading, as required by the local rules, or describe what changes they would make to their complaint); *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 750 (8th Cir. 2005) (same).

Raynor failed to comply with the local rule or explain the proposed amendments he would offer. *See Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir. 1999) (finding no abuse of discretion where party failed to "explain how he would amend the complaint to save the claim"); *Wisdom v. First Midwest Bank, of Poplar Bluff*, 167 F.3d 402, 409 (8th Cir. 1999) (stating "parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim").

Moreover, "futility constitutes a valid reason for denial of a motion to amend." *Knapp v. Hanson*, 183 F.3d 786, 790 (8th Cir. 1999). The District Court explained that to avoid being futile, "any amendment would need to change the entire character of Raynor's claims." Raynor's request did not suggest he intended to do so.[5] Even

_____

[5]Raynor contends on appeal that the RICO allegations he has proposed in another complaint regarding National Rural "when coupled with the Complaint make it evident that leave to amend would not have been futile." He did not explain in the district court how the RICO allegations would cause his complaint to survive a motion to dismiss under 9(b) or 12(b)(6), and thus cannot offer this argument on appeal. *See, e.g., Campbell v. Davol, Inc.*, 620 F.3d 887, 891 (8th Cir. 2010) ("'It is

on appeal, Raynor does not explain how he would amend the complaint to add particularity. ***In re K-tel Int'l***, 300 F.3d at 899 (finding that denial of leave to amend based on futility was appropriate where the plaintiff provided no explanation of "how it would amend the complaint to add particularity").

The district court here did not abuse its discretion in denying Raynor's request to amend his dismissed complaint a fourth time or in denying his motion to reconsider that dismissal.

*******

The judgment of the district court is affirmed.

_____

old and well-settled law that issues not raised in the trial court cannot be considered by this court as a basis for reversal.'") (citation omitted). Raynor also did not seek to use this RICO complaint as a proposed amended complaint in seeking leave to amend in the district court.