# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3607

_____

Teresa Polite,

*Plaintiff - Appellant,*

v.

Child Development, Inc.,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: May 17, 2013
Filed: May 28, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Teresa Polite brought this pro se Title VII action against her former employer, Child Development, Inc. (CDI), claiming discrimination based on her race. In this

appeal, she challenges the district court's[1] (1) denial of her motion for leave to amend her complaint, (2) dismissal of her complaint, and (3) imposition of sanctions against her, but not against CDI.  Upon careful review, we affirm.

First, we conclude that the district court did not abuse its discretion in denying Polite's motion for leave to amend her complaint, because the proposed amendments would have been futile.  See U.S. ex rel. Raynor v. Nat'l Rural Utilities Co-op. Fin., Corp., 690 F.3d 951, 958 (8th Cir. 2012) (denial of leave to amend is reviewed for abuse of discretion; futility constitutes valid reason for denial of motion to amend). Next, we conclude that the district court did not abuse its discretion in dismissing Polite's complaint after she failed to comply with multiple court orders despite repeated warnings that her failure to comply could result in dismissal.  See Fed. R. Civ. P. 41(b) (failure to prosecute, comply with rule or court order may result in dismissal); Doe v. Cassel, 403 F.3d 986, 990 (8th Cir. 2005) (abuse-of discretion standard of review; Rule 41(b) dismissal may be imposed for willful disobedience of court order or persistent failure to prosecute complaint; party need not have acted in bad faith).  Finally, we conclude that the district court did not abuse its discretion in sanctioning Polite, but not CDI, given that Polite had twice failed to appear for a properly noticed deposition, failed to return an employment-records release in a timely manner, and failed to comply with two discovery orders.  See Fed. R. Civ. P. 37(d) (court may order sanctions against party who fails, after being served with proper notice, to appear for deposition, including requiring payment of reasonable expenses caused by failure, unless failure was substantially justified or other circumstances make award unjust); Martin v. Daimler Chrysler Corp., 251 F.3d 691, 694 (8th Cir. 2001) (Rule 37 sanctions reviewed for abuse of discretion); Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (pro se litigant is

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

bound by same litigation rules as lawyers, particularly with regard to fulfilling simple discovery requirements).

Accordingly, we affirm.  <u>See</u> 8th Cir. R. 47B.

_____