# United States Court of Appeals
### For the Eighth Circuit
_____

No. 21-3150
_____

Christine Vitello, on behalf of herself and others similarly situated

*Plaintiff - Appellant*

v.

Natrol, LLC

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: June 15, 2022
Filed: October 6, 2022
_____

Before LOKEN and KELLY, Circuit Judges, and MENENDEZ, District Judge.[*]
_____

LOKEN, Circuit Judge.

The Missouri Merchandising Practices Act ("MMPA") declares unlawful the use "of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in

_____

[*]The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, sitting by designation.

connection with the sale . . . of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1. The MMPA authorizes a private damage action by any consumer who "purchases or leases merchandise . . . and thereby suffers an ascertainable loss of money or property . . . as a result of the use . . . by another person of a method, act or practice declared unlawful." § 407.025.1. The primary issue on this appeal is whether a pharmaceutical purchaser suffers an ascertainable loss caused by the seller's misrepresentation of supporting clinical studies when the product's packaging states that it does not provide the benefit the purchaser is seeking. The district court answered this question in the negative and, based on Christine Vitello's discovery admissions, granted Natrol, LLC's motion for summary judgment dismissing Vitello's MMPA and unjust enrichment claims. Vitello appeals. Reviewing the grant of summary judgment *de novo*, we affirm. See Toben v. Bridgestone Retail Operations, LLC, 751 F.3d 888, 896 (8th Cir. 2014) (standard of review).

## I. Background

A. The Transactions at Issue. Vitello was diagnosed with attention-deficit disorder ("ADD") in 2004 and was prescribed Adderall to treat symptoms that included "[b]eing forgetful, disorganized, scatterbrained" and "[n]ot being able to retain anything." Apart from isolated pauses to avoid negative side effects, Vitello used Adderall as prescribed for thirteen years, noticing a "pretty significant difference in memory and concentration."

On June 22, 2017, Vitello saw Cognium, a "nutraceutical" manufactured by Natrol, on sale in Arnold, Missouri. Cognium, according to Natrol's advertising, improves memory and concentration. Its packaging stated that Cognium is "powered by Cera-Q, a natural protein from silkworm cocoons," and can improve "Memory Recall Efficiency" by 90% when taken twice daily for four weeks. The box claimed that "[n]ine clinical studies in adults, seniors and children showed statistically significant improvements in memory and cognition in 4 weeks or less when taken as

directed." The Cognium bottle also contained two disclaimers that frame the issue on appeal: first, below "Clinically Proven to Improve Memory and Concentration" statements, an FDA-mandated disclaimer for all nutritional supplements:

> These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure or prevent any disease.

See 21 C.F.R. § 101.93(c)(2). Second, at the end of the "Supplement Facts" statements: "Consult your healthcare professional prior to use if you have or suspect a medical condition, are taking prescription drugs, or if you are pregnant or lactating."

After reading the packaging, Vitello purchased a box of Cognium for $19.97. Without consulting her doctor, Vitello quit Adderall "cold turkey" and started taking Cognium five to seven days later. She took Cognium twice daily for sixty days, purchasing a second bottle on July 31 for $16.97. She noticed no positive effect in memory or concentration, feeling "almost exactly the same on Cognium as before I was on Adderall."

In June 2018, Vitello filed a putative class action complaint against Natrol, seeking damages for herself and establishment of a National Class and Missouri Consumer Subclass. Vitello alleged that, prior to her purchases of Cognium, two of the nine clinical studies noted on its packaging had been retracted, including one for "data fabrication and falsification"; that Natrol did not update its packaging or inform consumers of the retractions; and that Vitello "would not have purchased the Cognium and sustained the loss had [Natrol] disclosed in its box/packaging, bottle, and brochure that two (2) of the nine (9) clinical studies had been retracted for data manipulation and fraud/fabrication." She asserted causes of action for violations of the MMPA and unjust enrichment. After suit was filed, consistent with its advertised

money back guarantee, Natrol issued a refund check to Vitello for the purchase price of the two bottles of Cognium she bought. Vitello refused to cash the check.

B. Procedural History. In December 2018, the district court[1] denied Natrol's Rule 12(b)(6) motion to dismiss the Class Action Complaint for failure to state a claim, concluding that Vitello alleged sufficient facts to support the elements of her MMPA and unjust enrichment damage claims. The court issued a case management order directing that discovery first proceed on class certification issues. After discovery including interrogatories, document production, and depositions of Vitello and a Natrol representative, Vitello moved for class certification. Natrol opposed and moved for summary judgment dismissing Vitello's individual claims, submitting in support a Statement of Uncontroverted Material Facts. Rather than respond to the Statement, Vitello filed a motion seeking additional discovery from two Natrol potential expert witnesses. See Fed. R. Civ. P. 56(d).

After considering both parties' motions and reviewing the completed discovery, the district court[2] concluded that one of Natrol's summary judgment arguments posed a purely legal question -- whether Vitello's admissions at her deposition that she took Cognium as a substitute for Adderall without consulting her doctor precluded her from proving an MMPA or unjust enrichment claim. The court denied Vitello's Rule 56(d) motion because it sought additional discovery not relevant to this issue of law and ordered her to respond to Natrol's summary judgment motion. After Vitello did so, the court found her brief largely unresponsive. The court granted summary judgment for Natrol on both the MMPA and unjust enrichment claims, concluding that Vitello's admissions that she purchased Cognium

---

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

[2]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri, to whom the case had been reassigned.

as a substitute for the Adderall prescribed to treat her ADD, without consulting her physician, was direct non-compliance with the disclaimers printed on the Cognium packaging that precluded her from proving her MMPA and unjust enrichment claims as a matter of law. With Vitello's individual claims dismissed, the court determined the sole named plaintiff could not represent the purported class and dismissed the entire action. See In re Milk Prod. Antitrust Litig., 195 F.3d 430, 436 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). On appeal, Vitello argues the district court erred in granting summary judgment dismissing her MMPA and unjust enrichment claims.

## II. MMPA Issues

Vitello alleges that Natrol violated the MMPA by failing to disclose the prior retraction of two of nine clinical studies Natrol claimed supported Cognium's advertised memory and cognition benefits. Vitello alleges that she would not have purchased the product if Natrol had not made these misrepresentations, and that she "did not experience any improvement in her memory, concentration or cognition" while taking Cognium. To prove this MMPA claim, Vitello must show that she "(1) purchased merchandise . . . from [Natrol]; (2) for personal, family or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful under the [MMPA]." Murphy v. Stonewall Kitchen, LLC, 503 S.W.3d 308, 311 (Mo. App. 2016). At issue on appeal is the ascertainable loss element of the MMPA private right of action in Mo. Rev. Stat. § 407.025.1.

Missouri courts have interpreted the ascertained loss element of this statutory MMPA claim as incorporating Missouri's long-standing "benefit of the bargain" common law fraud remedy. See Sunset Pools of St. Louis, Inc. v. Schaefer, 869 S.W.2d 883, 886 (Mo. App. 1994). "The 'benefit of the bargain' rule awards a prevailing party the difference between the value of the product as represented and the actual value of the product as received." Thompson v. Allergan USA, Inc., 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014).

In concluding that Vitello cannot establish an ascertainable loss as a matter of law, the district court relied on Natrol's Statement of Uncontroverted Material Facts,[1] and in particular on many of Vitello's own sworn statements, including that she was diagnosed with ADD in 2004; her doctor prescribed Adderall, an FDA-approved stimulant to treat cognitive dysfunction; from 2004 through 2017, she relied on Adderall to be able to concentrate; she stopped taking Adderall "cold turkey," without consulting her physician, because she hoped Cognium would be "a better alternative" to treat her ADD symptoms, offering the same benefits without negative side effects; she read the box before purchasing and read the carton and bottle and a pamphlet inside the carton before consuming Cognium; she was aware of and probably read the two disclaimer warnings; she did not read the nine clinical studies at issue and would purchase health supplements supported by fewer than nine studies; she "took [Cognium] and it didn't work"; she does not hope to recover more from Natrol than the amount she paid for Cognium; and she refused Natrol's refund check.

Based on these admissions, the district court concluded that Vitello cannot establish she suffered "an ascertainable loss . . . as a result of" Natrol's alleged unlawful non-disclosures. § 407.025.1. At the time of the transactions, Vitello was aware that Cognium was not intended to serve as a substitute for the physician-prescribed Adderall then treating her ADD. Yet she purchased and used it for just that purpose. As the district court explained:

> Under the benefit of the bargain rule, establishing ascertainable loss requires that the value of Cognium "as represented" is less than the "actual value." Murphy, 503 S.W.3d at 313. At the time Vitello purchased it, Cognium's packaging clearly stated that it was not

---

[1]Because Vitello did not respond to this Statement, those facts "shall be deemed admitted for purposes of summary judgment." E.D. Mo. Local Rule 4.01(E). Vitello's Rule 56(d) motion for additional discovery did not excuse her failure to comply with this Rule. See Roe v. St. Louis Univ., 746 F.3d 874, 881 (8th Cir. 2014).

intended to treat any disease and cautioned consumers to consult their healthcare providers if they had any medical condition or were taking prescription drugs. "As represented," then, Cognium was a nutraceutical that would *not* treat ADD. Vitello cannot . . . establish ascertainable loss by showing that the product failed to do something it never purported to be capable of. . . . Vitello never "bargained" for Cognium as a replacement for Adderall, so she cannot have lost that purported benefit. Thus, regardless of any alleged misrepresentation of the clinical basis for the claims Natrol did make, Vitello cannot succeed on her MMPA claim.

We conclude the district court's reasoning is consistent with the statute and Missouri MMPA precedent. Vitello testified she felt "almost exactly the same on Cognium as before I was on Adderall." Thompson v. Allergan USA, Inc. is analogous. In Thompson, the court dismissed an MMPA claim that defendant was overfilling an eyedrop medication's single-dose dispensers:

Plaintiff has . . . not alleged that the [product] was anything other than what it has always purported to be -- a single-use vial. Accordingly, Plaintiff has failed to allege that she did not receive the benefit of the medication for which she bargained. In short, Plaintiff bargained for a single dosage . . . she received what was always purported to be a single dosage, and the medication performed as a single dosage.

993 F. Supp. 2d at 1012. Here, Vitello purchased a product that expressly stated on the label it was "not intended to" do what she stated she purchased it for, serve as a substitute treatment for her prescription medication. Thus, for Vitello, the actual value of the Cognium she purchased, and the value of Cognium without Natrol's alleged marketing misrepresentations, was the same -- as Vitello said in her interrogatory answers, "zero." The benefit of the bargain rule does not apply in this situation, so Vitello cannot prove that she suffered ascertainable loss "as a result of" Natrol's unlawful practice. See Plubell v. Merck & Co., 289 S.W.3d 707, 714 (Mo. App. 2009).

-7-

Vitello's arguments to the contrary are unpersuasive. She argues that summary judgment was improper because whether she would have purchased Cognium if she had known about the two retracted studies is a triable issue of fact. Maybe so. But that fact would not establish MMPA ascertainable loss. Alternatively, she relies on Missouri cases holding that certain affirmative defenses "cannot, as a matter of law, defeat an MMPA claim." Murphy, 503 S.W.3d at 312-14 ("ingredients list" defense); Huch v. Charter Commc'ns, Inc., 290 S.W.3d 721, 725-27 (Mo. 2009) (voluntary payment defense). But Natrol does not rely on its disclaimers as an affirmative defense. Assuming without deciding that Natrol's claims regarding the nine clinical studies were unlawful acts under the MMPA and that the packaging disclaimers would not lead a reasonable consumer to question those fraudulent claims, Vitello has still failed to show ascertainable loss resulting from the unlawful acts.

Finally, Vitello argues that the district court's interpretation of the ascertainable loss element is contrary to the Supreme Court of Missouri's recognition that the MMPA's broad purpose is "to preserve fundamental honesty, fair play and right dealings in public transactions" and "protect those that could not otherwise protect themselves." Huch, 290 S.W.3d at 724, 727 (Mo. 2009) (quotations omitted). But the district court did not hold that Natrol's disclaimers protect it from MMPA liability. Rather, applying Missouri's benefit of the bargain rule, a generous common law fraud remedy, the court concluded that Vitello could not prove a critical element of her statutory claim. This is analogous to the Supreme Court of Missouri's statement in denying relief in Chochorowski v. Home Depot U.S.A., 404 S.W.3d 220, 228 (Mo. 2013): "There is no conflict between the intention of the legislature in enacting the MMPA and the application of the basic tenets of contract law to the transaction in this case."

### III. Unjust Enrichment

Vitello also appeals the district court's grant of summary judgment dismissing her claim of unjust enrichment, an issue her briefs barely address. To prove this claim, Vitello must show (1) she conferred a benefit and enriched Natrol; (2) the enrichment was at Vitello's expense; and (3) it would be unjust for Natrol to retain the benefit. See Hawkins v. Nestle USA Inc., 309 F. Supp. 3d 696, 708 (E.D. Mo. 2018). The third element is most significant. "Mere receipt of benefits is not enough when there is no showing that it would be unjust for defendant to retain the benefit received." S & J, Inc. v. McLoud & Co., 108 S.W.3d 765, 768 (Mo. App. 2003) (quotation omitted). Here, Natrol received a benefit at Vitello's expense -- the wholesale price of the Cognium she purchased. However, the district court concluded, "[b]ecause Vitello purchased Cognium to replace Adderall despite her awareness of [the two disclaimers] . . . . her disadvantage is unconnected to Natrol's alleged wrongful conduct and she cannot establish that it was 'unjust' for Natrol to retain the purchase price." We agree. Cf. Bratton v. The Hershey Co., No. 2:16-cv-4322-C-NKL, 2018 WL 934899 at *4 (W.D. Mo. Feb. 16, 2018). We further note that Vitello's refusal of Natrol's check refunding the purchase price, the only disadvantage Vitello claimed in her deposition testimony, might foreclose this claim.

### IV. Conclusion

The judgment of the district court is affirmed.

_____