# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3187
_____

Jill Hennessey, individually and on behalf of all others similarly situated

*Plaintiff - Appellant*

v.

The Gap, Inc.; Old Navy, LLC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis
_____

Submitted: September 21, 2023
Filed: November 14, 2023
_____

Before LOKEN, GRUENDER, and BENTON, Circuit Judges.
_____

LOKEN, Circuit Judge.

Retail customer Jill Hennessey brought this putative class action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), against clothing retailers The Gap, Inc. and its wholly-owned subsidiary, Old Navy, LLC ("Defendants"). Hennessey alleges that she purchased numerous products at Old Navy stores and on line at discount prices that were deceptively advertised because defendants did not sell a substantial quantity of these products at the advertised "regular" prices prior to

selling them at the advertised "sale" prices. She seeks class-wide compensatory damages under the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.025, "measured by the benefit of the bargain that Defendants represented" but Hennessey and members of the Class did not receive, and equitable relief to remedy defendants' unjust enrichment.

Before a class was certified, the district court[1] granted Defendants' motion to dismiss Hennessey's Amended Complaint with prejudice, concluding: (i) "[b]ecause the allegations in the Amended Complaint fail to establish that the actual market values of the products that Plaintiff received were lower than represented values of those products, Plaintiff fails to allege an ascertainable loss and consequently fails to state an MMPA claim upon which relief may be granted," and (ii) "[n]othing in the Complaint supports a finding that it would be inequitable for Defendants to retain the money Plaintiff paid for the products she purchased. Thus, Plaintiff [Hennessey] fails to state an unjust enrichment claim upon which relief may be granted." Hennessey v. Gap, Inc., No. 4:19-cv-01867, Memorandum and Order, 2022 WL 4447399 at *7-8 (E.D. Mo. Sept. 23, 2022). Hennessey appeals. Reviewing the grant of a motion to dismiss *de novo*, we affirm. See U.S. ex rel. Raynor v. Nat'l Rural Util. Co-op. Fin. Corp., 690 F.3d 951, 955 (8th Cir. 2012) (standard of review).

## I. Background

The factual background of this dispute is succinctly summarized, with accurate citations to the Amended Complaint, in the Facts and Background section of the district court's dismissal Order, Hennessey, 2022 WL 4447399 at *1:

---

[1]The Honorable Sarah E. Pitlyk, United States District Judge for the Eastern District of Missouri.

"As many stores do, Defendants sell products at 'regular' prices and at discounted 'sale' prices.  According to Plaintiff, the sale prices that the Defendants advertised for many of their products were deceptive, because Defendants did not sell a substantial quantity of those products at the regular price for a substantial period of time prior to selling them at the sale price.  She further alleges that, 'through their use of fictitious and unsubstantiated former price comparisons, Defendants intentionally and/or negligently misrepresented and/or failed to disclose material information concerning the actual value or worth of the products they sold to Plaintiff and the Class.' . . . Plaintiff also alleges that, in addition to their comparative pricing scheme, Defendants offer 'a constant array of promotions, such as store-wide sales, coupons, and other discounts, such that the average actual selling price (and therefore the market value) of each item is often *less* than the advertised sale price.'  Plaintiff claims that as a result of Defendants' misleading advertising practices, she and the putative class members did not receive the benefit of the bargain that Defendants promised them, because the products they purchased from Defendants did not have the higher value that Defendants allegedly represented they had.

"The Amended Complaint details three specific transactions and includes at least 21 items that Plaintiff purchased during the putative class period, such as . . . a crew-neck T-shirt with a regular price of $14.99 and a sale price of $7.49.  Plaintiff alleges that she 'is now informed and believes . . . that all of the alleged former prices were false and misleading . . . because they did not represent . . . actual, bona fide prices' as required by Missouri law.  She also alleges that she 'is further informed and believes that the prevailing retail price and, therefore, the actual fair market value of each item at the time of her purchase was materially lower than the advertised former prices and may have even been less than the discounted prices that she paid.'"

Taking the above-referenced T-shirt as an example, Hennessey argues she was promised a bargain, paying $7.49 for a shirt that was actually worth $14.99.  Because the shirt was worth less than $14.99, and perhaps even less than the sale price she

paid, she should recover the difference between the actual value and the promised $14.99 value under the MMPA, and should recover the price she paid Defendants under the equitable doctrine of unjust enrichment. In dismissing these claims, the district court first concluded that Hennessey's claims were grounded in fraud and therefore subject to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. Hennessey's valuation allegations based on the former "regular" prices do not satisfy Rule 9(b), the court concluded, because they lack specificity and factual support. Thus, she failed to establish "ascertainable loss" under the MMPA because the lower sale price Hennessey paid was the product value represented by Defendants at the time of the transaction, and there is no plausible allegation it was in fact worth less than the price paid. In addition, Defendants were not unjustly enriched because Hennessey received the goods she expected at the price she willingly paid. Hennessey, 2022 WL 4447399 at *3, 6-8.

On appeal, Hennessey argues she plausibly pleaded ascertainable loss under Missouri's benefit-of-the-bargain rule, the district court erred in ruling that advertised "regular" prices are not a representation of current value, and the court abused its discretion by not giving her an opportunity to re-plead the actual value received with the particularity Rule 9(b) requires.

## II. Discussion

Claims alleging deceptive practices under the MMPA sound in fraud and are subject to Rule 9(b)'s heightened pleading standard. Kuhns v. Scottrade, Inc., 868 F.3d 711, 719 (8th Cir. 2017). Hennessey's unjust enrichment claim is grounded in the same factual allegations and likewise is subject to Rule 9(b). See Drobnak v. Andersen Corp., 561 F.3d 778, 786-87 (8th Cir. 2009). Rule 9(b) requires a plaintiff to "plead such facts as the time, place, and content of the defendant's false representations, as well as the details of the defendant's fraudulent acts, including

when the acts occurred, who engaged in them, and what was obtained as a result." Raynor, 690 F.3d at 955 (quotation omitted).

## A. The MMPA Claim

The MMPA declares unlawful "[t]he act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020(1). The MMPA is enforced both by the attorney general and by a private right of action for damages. Mo. Rev. Stat. §§ 407.020(4), 407.025(1). To recover damages under the MMPA, a private plaintiff must allege and prove that she "(1) purchased merchandise . . . from [the defendant]; (2) for personal, family, or household purposes; and *(3) suffered an ascertainable loss of money or property*; (4) as a result of an act declared unlawful under the [MMPA]." Goldsmith v. Lee Enter., Inc., 57 F.4th 608, 615 (8th Cir. 2023) (emphasis added, quotation omitted). On appeal, Plaintiff challenges the district court's conclusion that she failed to plausibly allege an ascertainable loss.

**1.** Missouri courts generally apply the common-law "benefit of the bargain" rule to determine whether an MMPA plaintiff has suffered an ascertainable loss. Vitello v. Natrol, LLC, 50 F.4th 689, 693 (8th Cir. 2022). "The 'benefit of the bargain rule' awards a prevailing party the difference between the value of the product as represented and the actual value of the product as received." Id. (quotation omitted). The Supreme Court of Missouri adopted the rule in Kendrick v. Ryus, 123 S.W. 937, 939-40 (Mo. 1909), noting that cases from other jurisdictions "are not all harmonious" on the issue. The Court explained that the competing measure-of-damages rule -- "the difference between the actual value of the property at the time of the sale and what its value would have been if the representations had been true"

is based on the assumption that the amount paid is the measure of the value as fixed by the parties; but a purchaser does not buy to sell again at the same price; and to compel him arbitrarily to accept compensation by that standard is to deprive him of such benefit of his purchase as the state of the market would have enabled him to realize if there had been no fraud. . . . The amount paid is evidence of the value, but on principle, and according to the general course of decision, it is not conclusive of the value it was represented to be.

Id. at 940 (quotation omitted).

Consistent with this analysis, Missouri cases applying the benefit of the bargain rule have involved ascertainable losses stemming from a difference between the representations of the defendants and the actual quality of the products purchased or received by the plaintiffs. See cases collected in Herberer v. Shell Oil Co., 744 S.W.2d 441, 443 (Mo. banc 1988). As the Court stated in the leading case of Finke v. Boyer, 56 S.W.2d 372, 377 (Mo. 1932), the benefit-of-the-bargain rule "is applicable to cases in which the plaintiff sues for damages on account of the quality of the property which he bought." In Murphy v. Stonewall Kitchen, LLC, a non-controlling case on which Hennessey heavily relies, the Missouri Court of Appeals held that plaintiff stated a claim by alleging defendant represented that a cupcake mix was "all natural" when it contained an artificial ingredient. 503 S.W.3d 308, 313 (Mo. App. 2016). Murphy was a difference in quality case. In Bratton v. Hershey Co., on which Hennessey also relies, the court held that alleging that defendant misrepresented the amount of candy contained in a package was sufficient to state an MMPA damage claim. No. 2:16-CV-4322-C, 2017 WL 2126864 at *8 (W.D. Mo. May 16, 2017). Again, a difference in quality case. Hennessey has not alleged a deficiency in the quality of the clothing she purchased compared to the quality Defendants' advertising represented.

By contrast, in cases where plaintiff was fraudulently induced to purchase a product that was no different in quality than defendant represented at the time of sale, plaintiff has the right to sue for rescission in a common law fraud action, but there is no ascertainable loss under the MMPA because the price paid was both the represented value and the value of the product plaintiff received. In Goldsmith, for example, plaintiff alleged that he suffered an ascertainable loss when newspaper billing invoices showed overlapping pay periods, creating the appearance of double billing. 57 F.4th at 610. We held there was no MMPA ascertainable loss because plaintiff could not show he in fact paid twice for any newspaper. Therefore, "the *Post-Dispatch's* billing practice could have been more transparent . . . but as a matter of law this is not a violation of the MMPA." Id. at 615-16 (quotation omitted). Here, Hennessey paid the prices advertised at the time of sale and received the products she expected to receive. Like a confusing billing invoice, an advertised prior comparison price does not create an ascertainable loss.

Hennessey also relies on dicta in district court decisions denying plaintiffs MMPA damage relief because they did not plead ascertainable loss with the specificity Rule 9(b) requires. The discussion of ascertainable loss in these decisions is not controlling and, as misinterpreted by Hennessey, is unpersuasive. Hennessey quotes Hennessey v. Kohl's Corp., for the proposition, "If the actual values of the items were *less than advertised*, plaintiff did not receive the benefit of her bargains and she suffered an ascertainably loss." No. 4:19-CV-01866, 2020 WL 870982 at *4 (E.D. Mo. Feb. 21, 2020). But that was the court's summary of *the purchaser's argument*. The court stated as the governing rule, "[i]f a court determines a buyer received the benefit-of-the-bargain, the buyer did not suffer an ascertainable loss," id. at *3, citing its earlier decision in Thompson v. Allergan USA, Inc., 993 F. Supp. 2d 1007, 1012 (E.D. Mo. 2014), where plaintiff alleged ascertainable loss from the defendant's over-filling of a prescription medication vial. Thompson was clearly a quality-of-product case. Thus, *if* the court in Kohl's in referring to the "less than

advertised" price meant the former "regular" price rather than the advertised "sale" price, which we doubt, it misinterpreted Missouri's benefit-of-the bargain rule.

Hennessey relies heavily on the statement in Goldman v. Tapestry, Inc., that "[t]he price that the plaintiff actually paid for the product is *irrelevant* to the [benefit-of-the-bargain] analysis." 501 F. Supp. 3d 662, 668 (E.D. Mo. 2020), citing Finke, 56 S.W.2d at 377. The Supreme Court of Missouri said no such thing in Finke, a product quality fraud case. Rather, the Court held, citing Ryus, that "the measure of damages in an action for fraud and deceit . . . is the difference between the actual value of the property received at the time of its reception and what its value would have been if the representations concerning same had been true." Finke, 56 S.W.2d at 377. There was no commercial advertising at issue in Finke. The assertion in Goldman that the price plaintiff paid is *irrelevant* in determining represented value is not only illogical, it was squarely rejected by the Supreme Court of Missouri in Smith v. Tracy, 372 S.W.2d 925, 939 (Mo. 1963) ("the contract price is *strong evidence* of the value of the property if it had been as represented") (emphasis added).

In Smith, grain elevator purchasers offered no expert evidence of the value of the purchased property as represented. On appeal, the Supreme Court concluded that the trial court erred in computing the actual damages awarded. Because the purchasers did not contend the 'as represented' value was greater than the cash contract price, $208,620, the Court "adopt[ed] that amount as the value of the property if it had been as it was represented." Id. at 939. The Court then determined from the record that the market value of the property on the date of purchase was $150,000, subtracted that amount from the value as represented -- the contract price -- and upheld modified benefit-of-the-bargain damages of $58,620. Id. at 939-40.

On the question of value as represented, these cases are consistent with the initial benefit-of-the-bargain decision in Ryus -- "The amount paid is evidence of the

value, but . . . it is not conclusive of the value it was represented to be." 123 S.W. at 940. As the Missouri Circuit Court stated this logical principle in Craft v. Philip Morris Cos., a product quality case in which plaintiffs asserted ascertainable loss in the purchase of fraudulently advertised low-tar cigarettes, "although the price paid and the value the item would have had if it had been in the condition as represented are often one and the same [giving an example], there is no such necessary relationship." No. 002-00406A, 203 WL 2313981, at *8 (Mo. Cir. Dec. 31, 2003). Here, Hennessey alleged no facts supporting the claim of a higher represented value other than the false assertion that the advertised former price *was in fact* the represented value. Like the plaintiff in Goldman she failed to allege ascertainable loss with the specificity Rule 9(b) requires. 501 F. Supp. 2d at 668-70.

Hennessey cites Missouri regulations that prohibit sellers from using comparison prices unless they are "actual, bona fide, and not illusory or fictitious" and create a rebuttable presumption of non-compliance unless substantial sales were made at the comparable price in the regular course of the seller's business. 15 C.S.R. 60-7.060(2)(B). The regulations identify deceptive practices that may violate the MMPA, Mo. Rev. Stat. § 407.020. But the issue on appeal is whether Hennessey suffered an ascertainable loss. The existence of a deceptive practice, a distinct element of her claim, is not at issue. The Attorney General and local prosecutors may commence criminal actions against those who knowingly engage in deceptive practices, § 407.020.4, but a private plaintiff suing for damages under § 407.025 must also prove an ascertainable loss. Goldsmith, 57 F.4th at 615.

For these reasons and the reasons thoroughly explained in its Memorandum and Order, we agree with the district court's decision to "join[] a growing number of courts, in finding that complaints based solely on a plaintiff's disappointment over not receiving an advertised discount at the time of purchase has not suffered an ascertainable loss." Hennessey, 2022 WL 4447399 at *7, quoting Robey v. PVH

-9-

Corp., 495 F. Supp. 3d 311, 321 (S.D.N.Y. 2020) (collecting cases), and citing Shaulis v. Nordstrom, Inc., 865 F.3d 1, 11 (1st Cir. 2017).

**2.** As the district court recognized, Hennessey's Amended Complaint also alleges that the actual fair market value of some of the products she purchased "may have even been less than the discounted prices that she paid." This theory of ascertainable loss does not depend on Defendants' comparison pricing for the value represented component of the benefit-of-the-bargain rule. As we have explained and other courts have noted, plausible allegations of such immediate injury would satisfy an MMPA plaintiff's burden to show ascertainable loss. However, these allegations are based solely on information and belief, which are generally insufficient under Rule 9(b). Drobnak, 561 F.3d at 783-84. Hennessey's Amended Complaint alleges no facts supporting her information-and-belief allegations and provides no insight into what the actual value of these products was at the time of the transactions or how she might determine it. Nor does the Complaint identify which products were worth less than the sale price. And as the district court noted, there is little reason to believe that facts establishing the fair market value of a certain item of clothing would be peculiarly in Defendants' possession.

Under either of Hennessey's ascertainable loss theories, she must plead with particularity not only the value represented, but also the actual value of the product as received in order to establish ascertainable loss. Vitello, 50 F.4th at 693. Thus, the district court did not err in dismissing the MMPA damage claims for failing to satisfy the rigorous pleading requirements of Rule 9(b).

### B. The Unjust Enrichment Claim

Under Missouri law, a claim for unjust enrichment requires the plaintiff to plead and prove three elements, "a benefit conferred by a plaintiff on a defendant; the

-10-

defendant's appreciation of the fact of that benefit; and the acceptance and retention of the benefit by the defendant in circumstances that would render that retention inequitable." Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 854 (8th Cir. 2014) (quotation omitted). Only the third element is in dispute on appeal.

Hennessey's unjust enrichment claim is based on the same facts as her MMPA claim. It fails for the same reason -- she received the products she intended to purchase and paid the advertised sale price. "[T]here can be no unjust enrichment if the parties receive what they intended to obtain." Howard v. Turnbull, 316 S.W.3d 431, 436 (Mo. App. 2010) (quotation omitted); see Gerboc v. Contextlogic, Inc., 867 F.3d 675, 679 (6th Cir. 2017) ("ContextLogic was not *unjustly* enriched; Gerboc got what he paid for"). Hennessey's comparison pricing loss theory does not change this conclusion. As the district court noted, "a former price is irrelevant to whether a seller was unjustly enriched by the price someone paid today." Hennessey, 2022 WL 4447399 at *8. Moreover, the existence of an express contract precludes a claim of unjust enrichment. Topchian, 760 F.3d at 854. "[A] contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Dean Mach. Co. v. Union Bank, 106 S.W.3d 510, 520 (Mo. App. 2003). Here, each of Hennessey's product purchases was an express contract, memorialized by the payment receipt. The district court did not err in dismissing her unjust enrichment claim for failure to state a claim.

## C. The Dismissal with Prejudice Issue

Finally, Hennessey argues the district court abused its discretion by applying Rule 9(b) *sua sponte* and dismissing the Amended Complaint with prejudice without giving her an opportunity to amend her complaint to allege with greater specificity "that the actual value of at least some items was less than Old Navy's 'sale prices' which even the district court . . . held would show an ascertainable loss." "We review

-11-

the decision to dismiss with prejudice without granting leave to amend for an abuse of discretion." Mitchell v. Kirchmeier, 28 F.4th 888, 903 (8th Cir. 2022). Here, the contention is without merit for multiple reasons.

First, Rule 9(b) is not a defense, it is a pleading requirement. Hennessey does not (and could not) dispute that Rule 9(b) applies to her claims grounded in fraud and that assertions based on "information and belief" are seldom sufficient to satisfy Rule 9(b). So the claim of unfair surprise is facetious.

Second, despite the fact that she knew or should have known that her information and belief allegations were unlikely to survive a motion to dismiss, Hennessey failed to file a motion for leave to amend in the nearly two and one-half years between the filing of her initial Complaint and Defendants' filing of the motion to dismiss, or in the nearly nine months between the filing of that motion and the district court's Memorandum and Order. "[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one." Core & Main, LP v. McCabe, 62 F.4th 414, 423 (8th Cir. 2023).

Third, Hennessey failed to take appropriate action seeking relief from the claimed unfair surprise -- file a post-judgment motion to vacate under Rule 60(b) seeking leave to file an amended complaint, and submit a proposed amended complaint with the motion. See United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742-43 (8th Cir. 2014), and cases cited; In re 2007 Novastar Fin. Inc., Sec. Litig., 579 F.3d 878, 884 (8th Cir. 2009). Instead, Hennessey's attorneys first raised the issue on appeal, asserting an amended complaint would not be futile but not submitting a proposed amended complaint. The issue was not properly preserved.

For the foregoing reasons, the judgment of the district court is affirmed.

_____